IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DR. SONYA P. WILLIAMS,

    Plaintiff,

vs.                                         Case No.: _____

SHELBY COUNTY BOARD OF EDUCATION,           JURY DEMANDED

    Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Dr. Sonya P. Williams, (hereafter, the "Plaintiff"), and states unto this Honorable Court as follows for her Complaint against the Defendant, Shelby County Board of Education (hereafter, the "Defendant"):

### I. PRELIMINARY STATEMENT

1. **FEDERAL CLAIMS:** Plaintiff has sued the Defendant for violations of Title VII of the Civil Rights Act of 1964 which forbids employment discrimination based on "race, color, religion, sex, or national origin." *42 U.S.C. § 2000(e)(2)(a)* Plaintiff's claims involve an ongoing series of discrimination and retaliation based on age and race. Plaintiff experienced discrimination and retaliation in job duties and privileges, discriminatory comments directed to her, negative job evaluations, and finally termination of her employment all based upon her race, age, and retaliation after reporting to the EEOC. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964 at

42 U.S.C. §2000(e)(5)(f)(3) have occurred or been complied with. A charge of employment discrimination was filed with the Equal Opportunity Commission ("EEOC") within the requisite timeframe and a Notification of the Right to Sue has been received from the EEOC. This Complaint has been filed within 90 days of Plaintiff's receipt of her Right to Sue Letter. Additionally, this action also arises under the First Amendment under 42 U.S.C. §1983 for Retaliation for speaking out on matters of public concern and for Prior Restraint of Speech. Plaintiff files this action under 42 U.S.C. § 1983 for deprivations of her property interests in continued employment without due process in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

2. **STATE CLAIMS:** This case is further brought under the Tennessee Public Protection Act found at Tennessee Code Annotated § 50-1-304 for retaliation after reporting and refusing to participate in illegal activities. The Tennessee Public Protection Act, ("TPPA"), commonly known as the "whistleblower" statute, provides a cause of action for employees, including state workers, who are terminated "solely for refusing to participate in, or for refusing to remain silent about, illegal activities." *Tenn. Code Ann.* § 50-1-304(b). Plaintiff also files her action under Tennessee Code Annotated § 49-5-511 for termination of her tenured employment in violation of the Tennessee Teacher Tenure Laws. Plaintiff would state that she reported the illegal activities of the Shelby County Schools in accordance with Tennessee Code Annotated §49-50-1402. The illegal activities included, but were not limited to, contracting for federal and state funding for adult education programs under false pretenses, providing false data to federal and state agencies concerning the testing of adult learners, and testing security fraud in association

with the testing of adult learners.

## II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Dr. Sonya P. Williams is an adult citizen and resident of Shelby County, Tennessee.

4. Defendant Shelby County Board of Education is a body politic and is responsible for the management, administration, and control of the schools that comprise the Shelby County Schools. Defendant is an employer of more than fifteen persons, operating in Shelby County, Tennessee who, acting under color of law, deprived Plaintiff of her Constitutional rights as set forth herein below.

5. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000(e)(5)(f) for her claims based on Title VII of the Civil Rights Act of 1964, and has supplemental jurisdiction to hear Plaintiff's state claims pursuant to 42 U.S.C. § 1367.

## III. FACTS

6. Plaintiff was a tenured, certified teacher with the Shelby County Schools from 2002 until her termination on March 4, 2016. She holds the following degrees: a Bachelor of Business Administration; a Bachelor of Science; a Master's of Science; an Educational Specialist; and a Doctorate of Education.

7. Plaintiff filed an EEOC charge in 2013 based on age and race discrimination in a failure to promote situation. Also in 2013, Plaintiff made a report to the State of Tennessee Department of Education regarding the failure of the Shelby County Schools to properly serve students with disabilities.

8. After a mediation conducted by the EEOC in August 2015, Plaintiff was offered and accepted a position as an adult education advisor with Defendant's Adult Learning Program at Messick Adult Center.

9. Immediately after beginning her job as adult education advisor, Defendant's supervisory personnel began harassing Plaintiff concerning her former EEOC complaint.

10. Immediately after beginning her job as adult education advisor, Defendant's supervisory personnel began harassing Plaintiff with derogatory racial comments.

11. Immediately after beginning her job as adult education advisor, Defendant's supervisory personnel began derailing Plaintiff's authority over her assigned staff.

12. Soon after beginning her job as adult education advisor, Defendant's supervisory personnel began subjecting Plaintiff to unwarranted and retaliatory job reviews, performance evaluations, and write-ups.

13. Plaintiff reported this discrimination and retaliation to the Shelby County Schools Labor Relations Board and to other superiors.

14. Immediately after starting work at the Messick Adult Center in August, 2015, Plaintiff witnessed testing fraud and other legal violations within the adult education program that included, but were not limited to, testing security fraud. The grant funding the adult education program was tied to test performance of the adult learners. Plaintiff witnessed, among other things, teachers reviewing and then teaching to the test in order to boost the test scores of the adult learners. This was a breach of the Contract between the Shelby County Schools and the State of Tennessee, which awarded the grant for the Adult Education Program under the Workforce Investment Act of 1998; Workforce Innovations and Opportunity Act; and Title II Adult Education and Family Literacy Act.

15. At the same meeting where Plaintiff made internal reports of this testing fraud and other illegal activity to school system officials in October 2015, Plaintiff was instructed that none of her subordinates would be reporting to her anymore. Plaintiff also reported to State Adult Learning Program officials who were visiting the school system in October 2015 as well.

16. Plaintiff then filed a formal whistleblower complaint with the Shelby County Schools, and notified both the State of Tennessee Adult Learning Department and CASAS, the company contracted by the State for assessment of adult learning, of the fraud that was occurring at the Messick Adult Center.

17. In December 2015 Plaintiff filed a formal charge of retaliation with the EEOC for the harassment, write-ups, discrimination, and hostile work environment she was experiencing due to her previous EEOC filing.

18. In December 2015 representatives from the State's Adult Learning program with the State Department of Education came to Memphis to meet with Plaintiff concerning the program. Plaintiff made further reports of fraud and other illegal activity within the Messick Adult Center to these State officials.

19. In December 2015 Plaintiff continued to report the fraud and other legal violations she was witnessing to Defendant's officials, the State of Tennessee, and CASAS.

20. On December 22, 2015 Defendant formally reprimanded Plaintiff for reporting to outside sources the fraud and other legal violations she was witnessing at the Messick Adult Center. Defendant accused Plaintiff of unethical conduct. Defendant instructed Plaintiff to stop making negative reports about the Messick Adult Center to outside entities.

21. On January 6, 2016 Plaintiff met with a school system official concerning the testing fraud and other legal violations she was witnessing at Messick Adult Center. This meeting had been arranged in December 2015. Plaintiff refused to abide by Defendant's orders that she refrain from reporting illegalities to outside entities.

22. On January 11, 2016 Defendant again referred Plaintiff to the Labor Relations Department for discipline.

23. In January 2016 Plaintiff continued reporting the testing fraud and other legal violations she was witnessing to Defendant's officials and CASAS.

24. On February 1, 2016 Plaintiff was required to attend a Labor Relations meeting that concerned her reports to the EEOC and other whistleblowing activities.

25. On February 4, 2016, the State of Tennessee notified Defendant that it was abruptly pulling its grant for the adult education program at the Messick Adult Center.

26. On February 5, 2016 Defendant compiled a negative performance evaluation and placed in Plaintiff's personnel file.

27. Defendant referred to Plaintiff as a "loose cannon" because of her reporting of illegal activity.

28. Defendant's officials told Plaintiff on or around the date that the State was on site investigating the program that Plaintiff was sabotaging the adult learner program.

29. Defendant terminated Plaintiff's employment on March 4, 2016.

30. Defendant offered Plaintiff no opportunities for recourse, a hearing, or the filing of any grievances regarding her termination.

31. Defendant did not place Plaintiff on any type of list that would make her available for any future job opportunities.

32. Defendant has not offered Plaintiff any future job opportunities.

33. Plaintiff's reports of testing fraud and other legal violations were matters of extreme public concern. Funding based on test performance in public schools cannot be based on fraudulently obtained data from these public schools. These are well-grounded matters of state and national concern.

34. Plaintiff spoke out as a citizen when she reported the testing fraud and other illegal activity at the Messick Adult Learning Center.

35. As a result of Plaintiff's protected activities, Defendant retaliated against Plaintiff in violation of her rights under the First Amendment by disciplining her, giving her negative performance evaluations, removing job duties, and terminating her from her tenured teaching position.

36. Defendant further violated Plaintiff's rights under the First Amendment by ordering her not to speak out as a citizen on matters of public concern.

37. Defendant terminated Plaintiff for refusing to participate in illegal activities and for reporting illegal activities to outside authorities.

38. Defendant further retaliated against Plaintiff for the charges she filed with the EEOC.

39. In accordance with Tenn. Code Ann. § 49-5-511(a)(1), no tenured teacher in the Shelby County Schools may be dismissed except in accordance with the Tenure Law as set out in Tenn. Code Ann. §§ 49-5-501 *et seq.*

40. In accordance with Tenn. Code Ann. § 49-5-512, the initial determination of whether a tenured teacher in the Shelby County Schools is to be dismissed for cause is to be made by an impartial hearing officer, subject to an appeal to the Defendant Board of Education.

41. Defendant provided Plaintiff with no impartial hearing officer or opportunity for appeal to the Board of Education.

42. Since her termination, Plaintiff has applied for numerous positions within the Shelby County Schools for which she was well qualified, but she has not been offered any of these positions.

43. Defendant did not dismiss Plaintiff for cause nor was there requisite cause under the Teacher Tenure Act necessary to terminate Plaintiff.

44. There was no reduction in teaching positions that required Defendant to terminate Plaintiff's employment.

## IV.  LEGAL CAUSES OF ACTION

45.   Based upon the foregoing, incorporated herein, Plaintiff brings the following causes of action against Defendant Shelby County Board of Education:

A.   **Retaliation under Title VII of the Civil Rights Act of 1964 for her charges filed with the EEOC;**

B.   **Retaliation Under the First Amendment to the Constitution and Section 1983;**

C.   **Prior Restraint of Speech Under the First Amendment to the Constitution and Section 1983;**

D.   **Retaliation Under the Tennessee Public Protection Act. Tennessee Code Annotated § 50-1-304;**

E.   **Action under Tenn. Code Ann. §49-5-511 for termination in violation of Tennessee Teacher Tenure Laws; and**

F. **Action under 42 U.S.C. § 1983 for deprivation of property interest in continued employment without due process, in violation of her rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF REQUESTS:

A) Defendant answers this Complaint within the time period prescribed by law;

B) That Plaintiff be awarded back pay and front pay due to the retaliatory termination of her employment,

C) That Plaintiff be awarded damages of pain and suffering and/or humiliation/embarrassment, loss of reputation, loss of earning capacity, or other compensatory damages, any actual monetary losses occasioned by Defendant's actions, and her reasonable attorney fees and costs per applicable statutes,

D) That Plaintiff be reinstated to her previous position with Shelby County Schools;

E) That a jury be empaneled to hear the issues in this cause; and

F) That Plaintiff be awarded any other remedies and damages allowed by applicable law.

Respectfully submitted,

**SPRAGINS, BARNETT & COBB, PLC**

/s Teresa A. Luna

TERESA A. LUNA (TN Bar No. 26447)
312 E. Lafayette Street, P.O. Box 2004
Jackson, TN 38302
Telephone: 731-424-0461
tluna@spraginslaw.com


*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system this 24th day of January, 2017.

/s/ Teresa A. Luna
TERESA A. LUNA