**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SONYA P. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02050-TLP-egb |
| v. | ) | |
| | ) | JURY DEMAND |
| SHELBY COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SUSTAINING CLAIM OF PRIVILEGE

Plaintiff moved the Court to make a determination of privilege as to certain materials

held by Defendant. (ECF No. 137.) The Court granted the Motion and Defendant submitted

the relevant materials under seal for in camera review. (ECF Nos. 144 & 147.) Defendant's

submissions included a privilege log describing why each of the documents were protected

from disclosure. (ECF No. 144 at PageID 3521–22.) After reviewing the materials, the

Court SUSTAINS Defendant's claim of privilege.

## <u>ANALYSIS</u>

Parties may assert the attorney-client privilege to protect confidential communications

exchanged for the purposes of legal advice. *Fisher v. United States*, 425 U.S. 391, 403

(1976). This privilege exists to "ensure free and open communications between a client and

his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006) (citing *Fisher*,

425 U.S. at 403). Additionally, in the organizational context, communications by employees

are protected if made within the scope of their employment and performed with knowledge

that the communications are being made for the purpose of obtaining legal advice. *Upjohn v. United States*, 449 U.S. 383, 394 (1981).

The attorney-client privilege is not the only protection that may be asserted by a party to litigation. For example, materials may be protected from discovery by the attorney work product doctrine, which "is distinct from and broader than the attorney-client privilege." *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986)). Rather than only protecting confidential communications, the work product doctrine also shelters "any document prepared in anticipation of litigation by or for the attorney." *Id*. at 304 (citation omitted).

Here, the Defendant claims that the submitted materials are protected under the attorney-client privilege and the work product doctrine. These materials relate confidential emails from Defendant's general counsel to staff members of Shelby County Schools for purposes of transmitting or seeking legal advice. These materials, therefore, fall within the categories mentioned above and are privileged.

## <u>CONCLUSION</u>

The Court SUSTAINS Defendant's assertion of attorney-client privilege over the specific materials submitted to the Court under seal.

**SO ORDERED**, this 8th day of February, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE