**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SONYA P. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02050-TLP-jay |
| v. | ) | |
| | ) | JURY DEMAND |
| SHELBY COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY
QUESTIONS TO THE SUPREME COURT OF TENNESSEE**

Defendant, Shelby County Board of Education ("Defendant" or the "Board"), moves to

certify certain questions of law to the Supreme Court of Tennessee. (ECF No. 182.) Plaintiff, Dr.

Sonya P. Williams, disagrees that certification is appropriate here. (ECF No. 184.) For the reasons

below, the Court GRANTS IN PART and DENIES IN PART this Motion to Certify.

## BACKGROUND

This case is about Plaintiff's dismissal from the Shelby County School System ("SCS")

and her unsuccessful attempts later to acquire another position with SCS. (*See* ECF No. 1.)

Plaintiff filed a five-count complaint alleging: (1) retaliation in violation of the First

Amendment;[1] (2) violation of the Due Process Clause of the Fourteenth Amendment; (3)

violation of the Tennessee Public Protection Act; (4) retaliation under Title VII of the Civil

Rights Act of 1964; and (5) violation of Tennessee Teacher Tenure Act, Tennessee Code

---

[1] Plaintiff voluntarily dismissed her First Amendment prior restraint claim. (ECF No. 40.)

Annotated § 49-5-511(b).  (*Id*.)  Defendant moved for summary judgment on all Plaintiff's claims.  (ECF No. 42.)  Plaintiff timely responded to the Motion.  (ECF Nos. 46 & 76.)

This Court later granted in part and denied in part Defendant's summary judgment motion.  (ECF No. 88.)  Most of the claims were dismissed, but Plaintiff's Teacher Tenure Act[2] claim survived summary judgment and now this claim undergirds Defendant's Motion to Certify.  (*See id*. at PageID 2647; ECF No. 182.)  Plaintiff alleges that she was wrongly terminated from her position with SCS when SCS eliminated her job, along with the entire adult education program she worked in, because of a loss of grant funding.  (ECF No. 1 at PageID 7–8.)

It seemed the case was then ready for trial.  At the pretrial conference in January 2019counsel for SCS revealed that the SCS Board passed a new resolution in October 2018 (the "2018 Resolution") that allegedly effectively authorized the terminations of certain SCS employees, including Plaintiff.  (*See* ECF No. 117, 122-3.)  The Board's vote appeared to follow the Sixth Circuit's holding in *Kelley v. Shelby County Board of Education*, 751 F. App'x 650 (6th Cir. 2018).

In that case, the Sixth Circuit affirmed the lower court's interpretation of the Teacher Tenure Act.  (*Id*.)  The lower court held in that case that the SCS Board violated the Teacher Tenure Act when the superintendent, not the Board, made the determination to terminate the plaintiffs under a reduction in force policy.  *Kelly v. Shelby Cty. Bd. of Educ.*, 198 F. Supp. 3d 842, 850–54 (W.D. Tenn. 2016).  But the district court later ruled that the Board came into compliance with the Teacher Tenure Act when it passed a resolution in October 2016 (the "2016 Resolution") authorizing the termination of these same teachers.  *See Kelley*, 751 F. App'x at 653.  The Sixth Circuit affirmed this decision but noted that:

---

[2] Tennessee Code Annotated § 49-5-511(b).

[t]he Board's post hoc resolution, two years after the fact, cannot cure the harm caused by the improper layoffs and loss of jobs for the individual teachers. However, once the district court held that the Board had violated its nondelegable duties, the Board took immediate action to correct its violation, creating a resolution to ratify the excessing decisions. In so doing, the Board was in effect taking ultimate responsibility for the excessing decisions, bringing the previously unlawful terminations into compliance with Tennessee law.

*Id*. at 656.

Turning to this case, the SCS Board later voted on the 2018 Resolution to "expressly approve" the excessing of certain employees whose names were not included on the 2016 Resolution and to bring those excisions into compliance with state law. (*See* ECF No. 122-3 at PageID 3326.) Defendant included Plaintiff's name on this list. (*Id*. at PageID 3328.) Thus, the Board acted on Plaintiff's excision over two years after she was terminated and Plaintiff seeks damages for that period. Now Defendant questions whether Plaintiff is entitled to damages for the period between her termination and the Board's resolution.

And so Defendant seeks to certify five (5) questions of law to the Tennessee Supreme Court under Tennessee Supreme Court Rule 23. (ECF No. 182.) Plaintiff disputes the need to certify these questions, arguing that the statute lays out the steps the Board must take to terminate a teacher because of a reduction in force. (ECF No. 184.) And that case law has properly interpreted the statute as providing a remedy for teachers excised in violation of § 49-5-511(b). (*Id*. at PageID 4948–51.)

In any event, the Court addresses the Motion to Certify with these arguments in mind.

## LEGAL STANDARD

Tennessee Supreme Court Rule 23 permits federal courts to certify questions of state law to the Tennessee Supreme Court when the questions are (1) determinative of the cause of action and (2) there is no controlling precedent from the Tennessee Supreme Court. Tenn. Sup. Ct. R. 23 §1. The certification decision "lies within the sound discretion of the district court."

3

*Pennington v. State Farm Mutual Auto. Ins. Co.*, 553 F.3d 447, 449–50 (6th Cir. 2009) (quoting *Transam. Ins. Co. v. Duro Bag Mfg., Co.*, 50 F.3d 370, 372 (6th Cir. 1995)).  The United States Supreme Court supports certification "when there are '[n]ovel, unsettled questions of state law.'" *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 371 (Larsen, J. dissenting) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997)).  Certification is an effective tool in our federal system because it prevents federal courts from having to make state law and it "promotes judicial efficiency and comity and also protects [the] state's sovereignty."  *Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015) (quoting *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cty.*, 382 S.W.3d 318, 320 (Tenn. 2012)).  Federal courts may *sua sponte* certify a question to the Tennessee's highest court when the district court finds these requirements.  *See Eiswert*, 619 F. App'x 483.

The Court addresses the Motion with these principles in mind.

## ANALYSIS

Defendant argues that the Court should certify these five questions of law to the Tennessee Supreme Court:

(1)  Is a tenured teacher, who was improperly excessed by a school board under Tenn. Code Ann. § 49-5-511(b) entitled to back pay damages?

(2)  If yes, is a tenured teacher, who was improperly excessed by a school board under Tenn. Code Ann. § 49-5-511(b), entitled to back pay damages when, before a Court rules that the school board improperly excessed the teacher, the school board passes a resolution in compliance with the statute?

(3)  If yes, what is the statute of limitations for asserting a back pay damages claim under Tenn. Code Ann. § 49-5-511(b)?

4

(4)     When a school board omits a tenured teacher's name from a list attached to a

school board resolution intended to excess the teacher under Tenn. Code Ann. §

49-5-511(b), and the school board later cures its omission by a resolution that

includes the teacher's name and states the board's original intent, are any back-

pay damages to which the teacher may be entitled capped on the date that the

board intended to excess the teacher?

(5)     When a school board properly excesses a teacher under the Teacher Tenure Act,

are the provisions of Tenn. Code Ann. § 49-5-511(b)(2)–(3), requiring "written

notice of dismissal" and "place[ment] on a list for reemployment," mandatory or

directory?

(ECF No. 182 at PageID 4926–27.)

## I.     Determinative of the Cause of Action

Non-determinative questions of law are not suitable for certification. Tenn. Sup. Ct. R.

23 § 1. Questions are determinative if they are claim-dispositive. *Lindenberg v. Jackson Nat'l

Life Ins. Co.*, 147 F. Supp. 3d 694, 700 (W.D. Tenn. 2015). The Court, therefore, decides

whether the answers to these questions dispose of the cause of action.

### A.     Questions one, two, four, and five are determinative of Plaintiff's claim.

The Court finds that questions one, two, four, and five are all determinative of Plaintiff's

claim. Questions one and two are determinative because an answer from the Tennessee

Supreme Court will inform this Court whether Plaintiff is entitled to any redress for her claim.

Question four is also determinative because the answer to this question controls the extent of

damages to which Plaintiff may be entitled. And the Court finds that question five is

determinative because it will answer whether the failure to place Plaintiff on a list for

reemployment constitutes an actionable violation of the statute and whether she may have a due

process right in placement on the list. And Plaintiff did not receive notice from the Board itself until January 2019 (*see* ECF No. 122-6), so the Board may not have come into compliance with the Teacher Tenure Act until that time if the written notice requirement is mandatory. For that reason, question five also decides Plaintiff's claims.

**B.      Question three does not decide Plaintiff's claim**.

Question three is not determinative because Plaintiff filed this lawsuit less than one year after she was terminated. This would be within the applicable time for any limitations period known to this Court. For instance, Tennessee law provides a one-year statute of limitations period for actions involving statutory penalties. Tenn. Code Ann. § 28-3-104(a)(1)(C). On the other hand, the limitations period would be six years if the Court interprets this as a contract action. Tenn. Code Ann. § 28-3-109(a)(3). What is more, the statute of limitations period would be ten years under the catchall limitations period if neither one of these other time periods applies. *See* Tenn. Code Ann. § 28-3-110(a)(3); *see also Haynes v. Shelby Cty. Bd. of Educ.*, No. 2:17-cv-2305-SHL-cgc, 2018 WL 1558284, at *4–5 (W.D. Tenn. Jan. 30, 2018). Under Tennessee law, Plaintiff's complaint would be timely under any of these limitations periods. So this question does not resolve Plaintiff's claim. This Court therefore will not certify this question to the Tennessee Supreme Court.

The Court next looks to whether questions one, two, four, and five are novel or unsettled questions of law.

## II.     Novel or Unsettled Law

Federal courts should seek to certify mainly questions of law that are new or where "state law is unsettled." *See Pennington*, 553 F.3d at 450 (6th Cir. 2009) (quoting *Transam. Ins. Co.*, 50 F.3d at 372). This Court will not certify a question of law if there is "a reasonably clear and

principled course" in prior law.  *Id.*  (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)).  It is enough that relevant law provides adequate guidance to allow the federal court to make a clear and principled decision to decline certification.  *Id.*

### A.    Question one concerns unsettled law.

The remedies afforded a teacher who is terminated in violation of Tennessee Code Annotated § 49-5-511(b) appears to be in flux following the Tennessee Supreme Court's ruling in *Emory v. Memphis City Schools Board of Education*, 514 S.W.3d 129 (Tenn. 2017).  In that case, the Tennessee Supreme Court held that courts were not at liberty to create a remedy for a violation of a portion of the Teacher Tenure Act about post-dismissal hearings that did not itself contain a specific penalty for noncompliance.[3]  *Id.* at 145.

Before *Emory*, Tennessee and federal courts interpreted the remedy of back pay and reinstatement in § 49-5-511(a)(3) as the appropriate remedy for violating § 49-5-511(b).  *See Kelley*, 198 F. Supp. 3d at 855–56, *aff'd*, 751 F. App'x 650, 656 (6th Cir. 2018); *Lee v. Franklin*, 237 S.W.3d 322, 337 (Tenn. Ct. App. 2007); *Randall v. Hankins*, 675 S.W.2d 712, 714 (Tenn. Ct. App. 1984).  But subsection § 49-5-511(a)(3) addresses the remedy afforded teachers suspended for one of the reasons stated in § 49-5-511(a)(2).  Subsection (b) of that statute addresses a different set of circumstances—when a teacher has been terminated because of a reduction in force policy.  *Compare* § 49-5-511(a), *with* § 49-5-511(b).

Tennessee courts applying § 49-5-511(a)(3)'s remedial measures to violations of § 49-5-511(b) did so in the context of the school board's failure to give a teacher the preference for reemployment provided for under the previous version of § 49-5-511(b)(3).  *See Lee*, 237

---

[3] The Tennessee Supreme Court held that because § 49-5-512(a)(2) did not itself provide a remedy for its violation, courts "are not at liberty to judicially modify the Act."  *Emory*, 514 S.W.3d at 145.

S.W.3d at 337 ("Our finding that [the plaintiff] was wrongfully denied reemployment . . . is equivalent to finding that a teacher, who was suspended without pay, has been vindicated and should be reinstated."); *Randall*, 675 S.W.2d at 714 (remanding and directing the chancery court to enter an order requiring the school district to re-employ the plaintiff in the first available position and to enter a judgment for the financial loss suffered from the time the board failed to consider plaintiff for re-employment as required by the statute). The statute no longer gives preference to teachers on the reemployment list. *See* 49-5-511(b)(3). And the Tennessee Court of Appeals applied this remedy only after finding that situations involving violations of § 49-5-511(b) were like issues covered by § 49-5-511(a)(3). *Lee*, 237 S.W.3d at 337. This is unlike finding that § 49-5-511(b) provides a specific penalty for noncompliance. *See Emory*, 514 S.W.3d at 145 ("As noted by the intermediate appellate court, the time provision in section 49-5-512(a)(2) carries no specific penalty for noncompliance. Courts are not at liberty to rewrite statutes.").

All that said, the Court finds that the Tennessee Supreme Court's holding in *Emory* casts doubt on the validity of cases such as *Lee* and *Randall* which state that back pay and reinstatement—as provided for in § 49-5-511(a)(3)—are the appropriate remedies for violating § 49-5-511(b)(1)–(3). This Court is thus left without a "clear and principled course" to follow in deciding these issues of law. The Court will thus certify this question to the Tennessee Supreme Court.[4]

**B.      Question two concerns a settled question of law.**

Question two asks whether a school board can prevent liability from attaching for the improper excision of a teacher by passing an after-the-fact resolution that complies with the

---

[4] The Court will adjust the wording of the question to better address the issues here.

termination provisions of the Teacher Tenure Act before a court issues a ruling that the teacher was improperly excised. This question is not novel because caselaw establishes that an after-the-fact remedial action, such as this one, cannot erase harm already suffered. *See Kelley*, 751 F. App'x at 656 ("The Board's post hoc resolution, two years after the fact, cannot cure the harm caused by the improper layoffs and loss of jobs for the individual teachers."); *cf. First English Evangelical Lutheran Church of Glendale v. Los Angeles Cty.*, 482 U.S. 304, 319 (1987) (holding that invalidation of an ordinance after a "taking" has already occurred under the Fifth Amendment does not negate the government's duty to provide compensation for the period of the temporary taking). The law does not allow for such a manifest injustice to take place. For that reason, question two does not concern an unsettled question of law. So this Court will not certify this question.

### C. Question four is a novel question of law.

Question four, put another way, asks what process a school board must use to comply with the Teacher Tenure Act when dismissing a teacher under a reduction in force policy. That is, may the school board simply vote to adopt the proposed dismissals without listing the names of all the dismissed teachers? This is a question of law without an answer from the Tennessee Supreme Court or any federal court in this jurisdiction. The Court will therefore certify this question to the Tennessee Supreme Court with certain modifications.

### D. Question number five is a novel question of law.

Defendant asks this Court to certify a question about whether the notice and placement requirements of § 49-5-511(b)(2)–(3) are mandatory or directory. (ECF No. 182 at PageID 4927.) The relevant provisions state:

(2) The board shall give the teacher or nonlicensed employee written notice of dismissal explaining fully the circumstances or conditions making the dismissal necessary; and

(3) A teacher rated in the three (3) highest categories based on evaluations pursuant to § 49-1-302 who has been dismissed because of abolition of a position shall be placed on a list for reemployment.

Tenn. Code Ann. § 49-5-511(b)(2)–(3).

Tennessee courts have addressed mandatory versus discretionary statutory provisions. "In general, use of the word 'shall' in a statute indicates that the statutory provision is mandatory, not discretionary." *Emory*, 514 S.W.3d at 144 n.11. But there are exceptions to this rule. For instance, courts must determine the legislative intent, considering the whole statute, to determine whether a procedural requirement of a statute is directory or mandatory. *Scheele v. Hartford Underwriters Ins. Co.*, 218 S.W.3d 636, 640 (Tenn. 2007) (quoting *Presley v. Bennet*, 860 S.W.2d 857, 860–61 (Tenn. 1993)). Things to consider include the nature and purpose of the statute. *Id.* And whether the statute provides a specific consequence for noncompliance with its provisions. *Emory*, 514 S.W.3d at 144 n.12.

The law has also created presumptions to help address this issue. For example, statutory provisions addressing the time when one must perform a certain act are typically directory rather than mandatory. *Id.* at 114 n.11 (quoting *Home Builders Ass'n of Middle Tennessee v. Williamson Cty.*, 304 S.W.3d 812, 819 (Tenn. 2010)). And provisions relating to the method of doing an act are interpreted as directory. *Presley*, 860 S.W.2d at 860.

The relevant statutory provisions here fall in a gray area. Both provisions use the word "shall." *See* Tenn. Code Ann. § 49-5-511(b)(2)–(3). While this generally means that the legislative directive is mandatory, the statute does not provide specific

consequences for noncompliance. And he Tennessee Supreme Court has not addressed whether these provisions are mandatory or directory. So the Court finds that this question of law is unsettled and certifies it for the Tennessee Supreme Court's review.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Certify Questions of Law to the Tennessee Supreme Court. (ECF No. 182.) The Court GRANTS the request to certify questions one, four, and five, as modified, and will certify these questions to the Tennessee Supreme Court:

1) Is a teacher whose position was abolished and who was terminated from her employment with the school system due to a reduction in force under the provisions of Tennessee Code Annotated § 49-5-511(b)(1)–(3) entitled to back pay damages when the school board fails to act as the final decision–maker on her termination as required by § 49-5-511(b)(1), or when the board does not provide the teacher notice under § 49-5-511(b)(2), or when the board does not place a qualified teacher on a reemployment list as provided for in § 49-5-511(b)(3)?

2) Is the Teacher Tenure Act, Tennessee Code Annotated § 49-5-511(b)(1), violated when the school board votes on the dismissal of teachers terminated under a reduction in force policy during a certain time frame, when some of those teachers' names are listed on the resolution but the plaintiff's name was not listed due to an error?

3) Are the provisions of Tennessee Code Annotated § 49-5-511(b)(2)–(3), requiring "written notice of dismissal" and "place[ment] on a list for reemployment," mandatory or directory?

The Court DENIES the Motion on the other questions. The Court will enter a separate order of certification. And the Court will also enter an order administratively closing this case pending the resolution of the certification question.

**SO ORDERED**, this 13th day of September, 2019.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE