IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SONYA P. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02050-TLP-jay |
| v. | ) | |
| | ) | |
| SHELBY COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S PARTIAL MOTION
FOR SUMMARY JUDGMENT
AND DENYING AS MOOT PLAINTIFF'S PARTIAL MOTION
FOR SUMMARY JUDGMENT

Defendant, Shelby County Board of Education, moves for summary judgment on Plaintiff's Title VII failure to hire claim. (ECF No. 185.) And Plaintiff, Dr. Sonya P. Williams, moves affirmatively for summary judgment on her claim for failure to rehire.[1] (ECF No. 186.) Both parties timely responded in opposition to the respective motions (ECF Nos. 188 & 189), and filed the appropriate replies (ECF Nos. 190 & 191). For the reasons below, the Court **GRANTS** Defendant's motion for summary judgment as to Plaintiff's Title VII failure to rehire

---

[1] Defendant frames Plaintiff's claim as one for retaliatory failure to hire, and Plaintiff distinguishes that she is claiming that Defendant improperly failed to *rehire* her after the termination of the program in which she worked. The parties argue about the same events: Plaintiff's attempts to regain employment with the school system after March 2016. Because the Court takes all facts in a light most favorable to the nonmoving party, the Court will refer to the claim specifically as a retaliatory "failure to rehire" claim. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

claim. And because the Court grants Defendant's motion for summary judgment, it **DENIES AS MOOT** Plaintiff's motion for summary judgment.

## BACKGROUND

This case is about Plaintiff's dismissal from the Shelby County School System ("SCS") and her unsuccessful attempts later to acquire another position with SCS. (*See* ECF No. 1.) So Plaintiff filed a five-count complaint alleging: (1) retaliation in violation of the First Amendment;[2] (2) violation of the Due Process Clause of the Fourteenth Amendment; (3) violation of the Tennessee Public Protection Act; (4) retaliation under Title VII of the Civil Rights Act of 1964; and (5) violation of the Tennessee Teacher Tenure Act, Tennessee Code Annotated § 49-5-511(b). (*Id.*) The Court later dismissed almost all of Plaintiff's claims, except for the claims under the Tennessee Teacher Tenure Act and Title VII claims related to harassment, referrals to Labor Relations, the written reprimand, and the negative job evaluation. (ECF No. 88 at PageID 2647.)

The Court takes these facts from Defendant's statements of undisputed facts (ECF No. 185-2), and Plaintiff's response to Defendant's statement of undisputed facts and statement of additional undisputed facts (ECF No. 188-1).

Plaintiff began working for Defendant in August 2015 as an Adult Education Advisor at Shelby County Schools ("SCS") Messick Adult Learning Center. (ECF Nos. 185-2 at PageID 4983; 188-1 at PageID 5167.) Later that same year, Plaintiff filed an EEOC charge claiming

---

[2] Plaintiff voluntarily dismissed her First Amendment prior restraint claim. (ECF No. 40.)

retaliation.[3] (ECF Nos. 188-1 at PageID 5167; 59-1 at PageID 1697.) More specifically, she alleged, in full:

> On or about August 17, 2015, I was promoted to Adult Education Advisor position as part of my Negotiated Settlement Agreement.
>
> On my first day of employment, Mrs. Miller, Interim Career Technical Adult Education Director, in the presence of Ms. Griffin, Interim Principal, made comments and references to me having filed a previous EEOC charge.
>
> On or about September 9, 2015, Ms. Griffin gave me verbal counseling at which time she made reference that I was acting like the "HNIC." On or about September 11, 2015, I received an email outlining my verbal counseling/coaching from Ms. Griffin. On or about September 22, 2015 Ms. Griffin threatened me with a write-up due to insubordination and she referred me to Labor relations. During the periods (Sept. 10, Sept. 23, Sept. 30, 2015), I complained to Ms. Cecelia Barnes, Legal and Ramon Lloyd, Labor Relations, as well as Ms. Griffin herself, regarding the continuous harassment and intimidation from Ms. Griffin.
>
> I believe I have been discriminated against and retaliated against for filing my previous charge . . . in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 59-1 at PageID 1697.)

In February 2016, the State of Tennessee terminated the grant which funded SCS's Adult Education Program. (ECF Nos. 185-2 at PageID 4893–94; 188-1 at PageID 5168.) As a result, SCS discontinued the Adult Education Program and terminated its employees assigned there, including Plaintiff. The parties dispute the reason for Plaintiff's termination. Defendant argues that when the state terminated the grant, it had no choice but to discontinue the Adult Education Program and lay off its employees (ECF No. 185-2 at PageID 4984), and Plaintiff alleges that Defendant chose to discontinue the program, and chose not to substitute any additional funding

---

[3] Plaintiff alleges retaliation resulting from a 2013 EEOC charge alleging age and race discrimination after she did not receive a promotion for which she applied. (*See* ECF No. 59-1 at PageID 1697.) The EEOC-negotiated settlement led to Plaintiff receiving a position as an Adult Education Advisor in the Adult Education Program. (*See* ECF No. 88 at PageID 2615.)

3

for it after the state terminated the grant (ECF No. 188-1 at PageID 5168). Plaintiff's last day of employment with SCS was in March 2016. (ECF Nos. 185-2 at PageID 4984; 188-1 at PageID 5169–70.)

So Plaintiff amended her EEOC charge against Defendant in April 2016, adding that she faced:

> Threats on or about October 21, 2015, referred to Labor Relations October 22, 2015, employees no longer reported to me as of October 28, 2015, a written reprimand on December 22, 2015, referred to Labor Relations January 11, 2016, a negative performance evaluation on February 5, 2016.
>
> In addition, management did not take heed to my counsel and my program lost its grant, I lost job responsibilities, and I was denied two professional development opportunities, and I made several written and verbal complaints to management of retaliation.
>
> I believe I have been retaliated against for making a protected protest and filing a previous EEOC charge in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF Nos. 185-2 at PageID 4984; 188-1 at PageID 5170; 185-3 at PageID 4988.) In short order, Plaintiff again amended the EEOC charge by adding:

> I believe I have been discriminated against because of my race (Black), my age (46), and retaliated against for making a protected protest and filing a previous EEOC charge in violation of Title VII of the Civil Rights Act of 1964, as amended, and Age Discrimination in Employment Act (ADEA).

(ECF Nos. 185-2 at PageID 4894; 188-1 at PageID 5170–71; 185-4 at PageID 4990.) Plaintiff does not dispute the contents of any of her EEOC charges but contends that "[t]he summary of the . . . charge as typed by the EEOC representative was not all-inclusive." (ECF No. 188-1 at PageID 5170–71.)

In October 2016, the EEOC issued Plaintiff a Notice of Right to Sue—issued on request—reflecting that it was ceasing to process the charge and closing her case. (ECF No. 185-5 at PageID 4991.) Plaintiff then sued Defendant. (ECF No. 1.)

4

Plaintiff did not originally list failure to rehire as a cause of action but asserted that Defendant did not hire her in positions for which she was qualified in retaliation for engaging in protected activity. (ECF No. 185-2 at PageID 4985; *See* ECF No. 1.) Plaintiff now alleges, on the other hand, that she did in fact state a claim for failure to rehire, because the complaint provides—"Defendant did not place Plaintiff on any type of list that would make her available for any future job opportunities . . . Defendant has not offered Plaintiff any future job opportunities." (ECF Nos. 188-1 at PageID 5172; 1 at PageID 6–7.)

Plaintiff later asserted Title VII failure to hire in response to Defendant's motion *in limine* to exclude evidence of her job applications. (*See* ECF No. 118.) Because Plaintiff attempted to raise this claim so late in the process, the Court allowed Defendant to move again for summary judgment if it wished. (ECF No. 174.) This claim now undergirds the parties' current cross-motions for summary judgment.

## **LEGAL STANDARD**

The Court begins its analysis of this motion by consulting Federal Rule of Civil Procedure 56. The court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "When the nonmoving party fails to make a sufficient showing of an essential

5

element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman*, 670 F.3d at 680 (citing *Celotex Corp. v. Catrett*, 477 U.S 317, 323 (1986)); *accord Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex*, 477 U.S. at 323). "Once a moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth facts showing a triable issue of material fact." *Mosholder*, 679 F.3d at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To show that a fact is, or is not, genuinely disputed, both parties need to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Bruederle*, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); *see also Mosholder*, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex*, 477 U.S. at 325).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see also Emerson v. Novartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record."); *Chi. Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'").

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 730 (6th Cir. 2012) (citing *Matsushita*, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson*, 477 U.S. at 251–52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252); *accord Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003) ("Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden.").

Now, the Court will apply the law to the undisputed facts.

## **ANALYSIS**

Defendant moves for summary judgment on Plaintiff's failure to rehire claim, arguing that it is entitled to judgment as a matter of law because (1) Plaintiff did not exhaust her administrative remedies; (2) Plaintiff failed to plead properly the claim, and (3) Plaintiff cannot establish a causal connection between a protected activity and the alleged failure to rehire. (*See* ECF No. 185-1.) Plaintiff opposes that motion, claiming that she properly exhausted her administrative remedies and pleaded a failure to rehire claim. (ECF No. 188.) She also moves for summary judgment, alleging that there is no dispute that Defendant failed to rehire her as a result of illegal retaliation for her protected activities. (*See* ECF No. 186.)

The Court first addresses Defendant's argument that Plaintiff failed to exhaust her administrative remedies before suing for failure to rehire. Title VII provides that, before suing

7

her employer, an aggrieved employee must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e); *Williams v. CSX Transp. Co.*, 643 F.3d 502, 507–08 (6th Cir. 2011). The purpose of exhaustion of administrative remedies is to give the employer notice of its potential liability. *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470–71 (6th Cir. 2008). It is "not meant to be overly rigid, nor should it result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." *Id.* at 471 (internal quotation marks omitted).

Courts should liberally construe a plaintiff's EEOC charge to encompass all claims "reasonably expected to grow out of the charge of discrimination." *Id.* When facts related to the charged claim would prompt the EEOC to investigate a different, uncharged claim, a plaintiff can still sue on that claim. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). Likewise, "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Id.*

"Courts are apt to find that the complaint relates to the EEOC charge where the plaintiff had merely failed to recognize a procedural technicality, distinguish between seemingly identical legal theories, or articulate the exact wording required in a judicial pleading. *Blackburn v. Shelby County*, 770 F. Supp. 2d 896, 917 (W.D. Tenn. 2011) (*citing to Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)).

Courts distinguish, however, between failure to allege specific legal claims and failure to allege specific factual predicates. *McFagdon v. Fresh Market, Inc.*, No. 05-2151-D/V, 2005 WL 2768996, at *5 (W.D. Tenn. Oct. 21, 2005) ("[G]enerally . . . [c]ourts can expect the EEOC to identify and investigate legal issues that flow from the plaintiff's factual allegations. However,

this should not be misinterpreted to automatically mean that claims sharing the same subject matter . . . but different factual predicates, are 'reasonably related.'") (*citing E.E.O.C. v. McCall*, 633 F.2d 1232, 1236 (6th Cir. 1980)). A complainant is expected to specify each event in her EEOC charge which she feels stemmed from unlawful discrimination. *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986). Courts have therefore found that a plaintiff's failure to allege discriminatory conduct specifically in the EEOC charge barred plaintiff from bringing that claim. *See, e.g.*, *Moore v. Boeing Co.*, No. 4:02CV80 CFP, 2004 WL 3202777, at *5 (E.D. Mo. March 31, 2004) (dismissing the plaintiff's argument that alleging compensation discrimination in the EEOC charge was reasonably related to her claim of discrimination in denial of overtime because nothing in the EEOC charge would put the defendant on notice that she was complaining that she received fewer overtime assignments than male coworkers).

Plaintiff filed her EEOC charge and then amended it twice over six months. Nowhere in the two amended charges[4] did Plaintiff specifically allege that Defendant failed to rehire her. (*See* ECF Nos. 59 at PageID 1697; 185-2 at PageID4984; 188-1at PageID 5170–71; 185-3 at PageID 4988; 185-4 at PageID 4990.) Plaintiff can therefore only maintain her failure to hire claim if it was "reasonably expected to grow out of the charge of discrimination." *Scott*, 275 F. App'x at 471.

Defendant argues that Plaintiff's claim of failure to hire would not be reasonably expected to grow out of her properly exhausted discrimination or retaliation claims. (ECF No. 185-1 at PageID 4978.) Plaintiff contends that she properly exhausted her "failure to rehire"

---

[4] Because Plaintiff's employment ended on March 7, 2016, only the amended and second-amended EEOC charges—in April 2016 and June 2016—could satisfy her exhaustion requirements. *George v. Youngstown State Univ.*, No. 4:17-cv-2322, 2019 WL 118601, *6 (N.D. Ohio Jan. 7, 2019) ("[I]t is impossible for a claim accruing after the close of the EEOC investigation to fall within the scope of the investigation.").

9

claim and that it qualifies as an adverse action sufficient to establish retaliation under Title VII. (ECF No. 188 at PageID 5148–49.)

But the Court cannot say that Plaintiff's failure to hire claim was reasonably expected to grow out of her allegations in the EEOC charges. Her first EEOC charge alleged harassing behavior, intimidation, and threats of reprimand in retaliation for her prior EEOC charge. (*See supra* pp. 2–3.) The first amendment in April 2016 included allegations of improper written reprimands and negative performance evaluations, loss of supervisory opportunities, loss of job responsibilities, and denial of professional development opportunities. (*See supra* p. 3.) Plaintiff also alleged that "management did not take heed to [her] counsel" causing the Adult Education program to lose state funding. (*Id.*) Plaintiff claims in her final amended EEOC charge that she believes Defendant discriminated against her because of race and age, that it retaliated against her for filing previous EEOC charges, and that Defendant's actions are violations of Title VII and the ADEA. (*See supra* p. 4.) There is nothing in her filings with EEOC that says Defendant failed to rehire her.

An uncharged claim is reasonably expected to grow out of an EEOC charge if the facts alleged in the charge would prompt the EEOC to investigate it. *Weigel v. Baptist Hosp. E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2012). Plaintiff's allegations here largely consist of retaliatory actions she alleges occurred *during her employment*.

She did not allege that she attempted to obtain new employment with SCS or that she intended to keep working for SCS in another capacity. Although one might say that Plaintiff's retaliatory harassment and retaliatory failure to rehire claims share the same subject matter— alleged improper retaliation for her prior protected activities—those claims are factually much different. The Court therefore cannot find that the different factual predicates are close enough

to render them 'reasonably related' to the allegations in Plaintiff's EEOC charges. *See McFagdon v. Fresh Market, Inc.*, No. 05-2151-D/V, 2005 WL 2768996, at *5 (W.D. Tenn. Oct. 21, 2005) (*citing E.E.O.C. v. McCall*, 633 F.2d 1232, 1236 (6th Cir. 1980)). And the Court finds that Plaintiff's factual allegations before the EEOC would not prompt the EEOC to investigate a retaliatory failure to rehire claim under Title VII. Plaintiff's failure to rehire claim is, therefore, not reasonably expected to grow out of her EEOC charges.

Likewise, Plaintiff cannot claim that she did not know to specify the alleged retaliatory acts; she specified many other events she claims to result from retaliation. For example, Plaintiff complained that employees of Defendant threatened her with write-ups, referred her to Labor Relations, and gave her verbal counseling in retaliation for her earlier EEOC charge. (ECF No. 59-1 at PageID 1697.) Plaintiff is expected to specify each event in her charge which she claims stems from unlawful retaliation—she cannot rely on a conclusory "retaliation" designation as the catch-all for all possible claims she wishes to make. *See Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986) ("It does not constitute an unjustifiable burden on claimants to require them to specify each . . . event" or "identif[y] that conduct which [he or she] felt was the result of discrimination.").

Plaintiff is, in effect, asking the Court to find that her barebones statement that she believes Defendant "retaliated against [her] for making a protected protest and filing a previous EEOC charge in violation of Title VII of the Civil Rights Act of 1964 . . ." puts Defendant on notice of all possible retaliatory misconduct claims which could have arisen both during and after her employment at SCS. The Court finds that Plaintiff cannot encompass all possible retaliation claims by broadly alleging "retaliation in violation of Title VII." To do so would significantly

expand the scope of the EEOC charges and undermine the purpose of the charge—to give notice to Defendant of the facts underlying the suit. *Scott*, 275 F. App'x at 470–71.

Plaintiff also alleges that she had in fact applied for open positions and tried to include those allegations in her EEOC charge. (ECF Nos. 188 & 188-7.) But her only support for that allegation is her own affidavit swearing that the EEOC agent improperly left those allegations off of the charge. (*Id.*) As a result, she argues that "the face of the EEOC charge was not all encompassing" and she should be able to proceed with the claim. (ECF No. 188 at PageID 5149.) But self-serving affidavits, standing alone and without support in the record, will not defeat a motion for summary judgment. *See Freeman v. Trombley*, 483 F. App'x 51, 58 (6th Cir. 2012) ("[A] self-serving affidavit must be reviewed with great skepticism."); *Capital Telecom Holdings II, LLC v. Grove City, Ohio*, 403 F. Supp. 3d 643, 649 (S.D. Ohio 2019) ("[S]elf-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment.").

The evidentiary record contains all three of Plaintiff's EEOC charges—the original charge and two amendments. (ECF Nos. 59-1 at PageID 1697; 185-2 at PageID4984; 188-1 at PageID 5170–71; 185-3 at PageID 4988; 185-4 at PageID 4990.) Nowhere in these charges does Plaintiff claim retaliatory failure to rehire or place her in another position after her department was closed. Plaintiff's self-serving affidavit, by itself, does not create an issue of material fact to overcome Defendant's motion for summary judgment where the record contains evidence to the contrary. *See Whitley v. Spencer Cty. Police Dep't*, 178 F.3d 1298, 1999 WL 196499, at *3 (6th Cir. 1999) (unpublished table decision) (affirming the district court's grant of summary judgment for the defendant where the evidence at the close of discovery contradicted plaintiff's self-serving affidavits and conclusory allegations).

For these reasons, Defendant is therefore entitled to judgment as a matter of law. And because Plaintiff failed to exhaust her administrative remedies as a prerequisite to suit, the Court finds it unnecessary to delve into the merits of that claim.

## **CONCLUSION**

Simply put, Plaintiff failed to exhaust her administrative remedies. The Court therefore **GRANTS** Defendant's motion for summary judgment as to this claim. (ECF No. 185.) And the Court DENIES AS MOOT Plaintiff's motion for summary judgment on the same claim. (ECF No. 186.)

**SO ORDERED**, this 10th day of April, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE