IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SONYA P. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02050-TLP-jay |
| v. | ) | |
| | ) | JURY DEMAND |
| SHELBY COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR REVISION OF AN
INTERLOCUTORY ORDER ON HER TITLE VII FAILURE TO REHIRE CLAIM**

Plaintiff, Dr. Sonya P. Williams, moves for revision of this Court's interlocutory order granting summary judgment (ECF No. 207), over her Title VII failure to rehire claim. (ECF No. 215.) Defendant Shelby County Board of Education (the "Board") timely responded in opposition. (ECF No. 217.) For all the reasons below, the Court **DENIES** Plaintiff's motion for revision of the Court's order granting Defendant summary judgment as to Plaintiff's Title VII failure to rehire claim.

**BACKGROUND**

This case is about Plaintiff's dismissal from the Shelby County School System ("SCS") and her unsuccessful attempts later to acquire another position with SCS. (*See* ECF No. 1.) Plaintiff filed a five-count complaint alleging: (1) retaliation in violation of the First Amendment;[1] (2) violation of the Due Process Clause of the Fourteenth Amendment; (3)

---

[1] Plaintiff voluntarily dismissed her First Amendment prior restraint claim. (ECF No. 40.)

violation of the Tennessee Public Protection Act; (4) retaliation under Title VII of the Civil

Rights Act of 1964; (5) and violation of the Tennessee Teacher Tenure Act ("Tenure Act"),

Tennessee Code Annotated § 49-5-511(b).  (*Id.*)

Plaintiff did not originally list failure to rehire as a cause of action but asserted that claim

in response to Defendant's motion *in limine* to exclude evidence of her job applications.  (*See*

ECF Nos. 185-2 at PageID 4985; 188-1 at PageID 5172.)  Because Plaintiff tried to raise this

claim so late in the process, the Court allowed Defendant to move again for summary judgment

if it wished.  (ECF No. 174.)  The parties then filed cross-motions for summary judgment about

Plaintiff's Title VII retaliatory failure to rehire claim.  (*See* ECF Nos. 185 & 186.)

The Court granted Defendant's motion for summary judgment as to Plaintiff's Title VII

failure to rehire claim and denied as moot Plaintiff's motion for summary judgment on the same

claim.  (ECF No. 207.)  The Court held that Plaintiff failed to exhaust her administrative

remedies with respect to that claim because Plaintiff's twice-amended EEOC charge neither (1)

specifically alleged failure to rehire, or (2) stated a claim from which the failure to rehire claim

was "reasonably expected to grow out of the charge of discrimination."  (*Id.* at PageID 5966–69.)

The Court therefore held that Plaintiff failed to place Defendant on notice of the facts underlying

the suit and granted summary judgment for Defendant as to Plaintiff's claim for retaliatory

failure to rehire.  (*Id.* at PageID 5968–69.)

That order (ECF No. 207), undergirds this motion for reconsideration or revision.  The

Court adopts its earlier factual findings (ECF No. 207 at PageID 5959–62), unless otherwise

discussed in this order.

## LEGAL STANDARD

A district court has the inherent power to reconsider, rescind, or modify an interlocutory

order before entry of a final judgment. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F.

App'x 942, 945–46 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.

1991)).  Under Federal Rule of Civil Procedure 54(b), a court may revise "any [interlocutory]

order or other decision . . . at any time before the entry of a judgment adjudicating all the claims

and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see also*, *Rodriguez v. Tenn.*

*Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have

authority both under common law and Rule 54(b) to reconsider interlocutory orders and to

reopen any part of a case before entry of final judgment.").  Courts revise interlocutory orders

only when "there is (1) an intervening change of controlling law; (2) new evidence available; or

(3) a need to correct a clear error or prevent manifest injustice.  *Louisville Jefferson Cnty. Metro.*

*Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn.*

*Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).

The Local Rules for this Court also provide guidance.  Under Local Rule 7.3, "[b]efore

the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the

parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any

interlocutory order made by the Court."  W.D. Tenn. R. 7.3(a).  The motion for revision must

show

> (1)     a material difference in fact or law from that which was presented to the
>         Court before entry of the interlocutory order for which revision is sought,
>         and that in the exercise of reasonable diligence the party applying for
>         revision did not know such fact or law at the time of the interlocutory
>         order; or
>
> (2)     the occurrence of new material facts or a change of law after the time of
>         such order; or

(3)     a manifest failure by the Court to consider material facts or dispositive
        legal arguments that were presented to the Court before such interlocutory
        order.

W.D. Tenn. R. 7.3(b).

"Motions 'may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment." *In re Regions Morgan*

*Keegan Secs., Derivative, and ERISA Litig.*, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn.

Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1

(2d ed. 1995)).  "Although a court can grant motions to revise its prior rulings, it 'should not do

so in the vast majority of instances, especially where such motions restyle or rehash the initial

issues.'" *In re Southeastern Milk Antitrust Litig.*, No. 2:07-cv-208, 2011 WL 3793777 (E.D.

Tenn. Aug. 25, 2011) (quoting *White v. Hitachi*, No. 3:04-cv-20, 2008 WL 782565 (E.D. Tenn.

March 20, 2008)).

## ANALYSIS

### I.     Plaintiff's Argument that the Court Misapplied the Law is Unavailing

First, Plaintiff argues that "failing to exhaust administrative remedies does not prevent

[her] from maintaining a Title VII retaliation claim" for failure to rehire.  (ECF No. 215-2 at

PageID 6148–50.)  Plaintiff cites to *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019),

for the proposition that this Court's decision conflicted with the law.  (*Id.* at PageID 6148.)

Defendant contends that the Court did not misapply the law, but properly decided that she failed

to exhaust her administrative remedies.  (ECF No. 217 at PageID 6180–81.)

In *Fort Bend County*, the plaintiff filed an EEOC charge asserting harassment and

retaliation, later supplementing the charge to add religion, discharge, and reasonable

accommodation after her termination.  *Fort Bend County*, 139 S. Ct. at 1847.  Plaintiff received

notice of the right to sue and filed a Title VII suit alleging religious discrimination and retaliation

for reporting sexual harassment.  *Id.*  The district court then granted summary judgment for

Defendant.  *Id.*  Plaintiff appealed to the Sixth Circuit, which affirmed the dismissal of the

retaliation claim but reversed the religious discrimination dismissal.  *Id.* at 1848.

Only upon remand did the defendant move for summary judgment because of the

plaintiff's failure to exhaust administrative remedies.  *Id.*  The district court again granted

summary judgment, and the Sixth Circuit again reversed, holding that the failure to exhaust

administrative remedies was not a jurisdictional prerequisite, but a procedural prerequisite to suit

which could be forfeited where, as there, the party failed to raise the argument until after "an

entire round of appeals all the way to the Supreme Court."  *Id.*

The Supreme Court agreed with the Sixth Circuit, holding "Title VII's charge-filing

requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription

delineating the adjudicatory authority of the courts."  139 S. Ct. at 1851.  The Supreme Court

explained, "[a] Claim processing rule may be 'mandatory' in the sense that a court must enforce

the rule if a party 'properly raise[s]' it."  *Id.* at 1849.  While Plaintiff is correct that *Fort Bend*

*County* established that the Court cannot dismiss a case for lack of subject-matter jurisdiction

just because a plaintiff has not exhausted her administrative remedies, Plaintiff incorrectly

applies that case to hers.

Turning to this case, Defendant has timely asserted that she failed to exhaust her

administrative requirements for her Title VII failure to rehire claim.  As this Court has already

explained:

> Plaintiff did not originally list failure to rehire as a cause of action but asserted
> that Defendant did not hire her in positions for which she was qualified in
> retaliation for engaging in protected activity.  (ECF No. 185-2 at PageID 4985;
> *See* ECF No. 1.)  Plaintiff now alleges, on the other hand, that she did in fact state

5

> a claim for failure to rehire, because the complaint provides—"Defendant did not place Plaintiff on any type of list that would make her available for any future job opportunities . . . Defendant has not offered Plaintiff any future job opportunities." (ECF Nos. 188-1 at PageID 5172; 1 at PageID 6–7.)
>
> Plaintiff later asserted Title VII failure to hire in response to Defendant's motion *in limine* to exclude evidence of her job applications. (*See* ECF No. 118.) Because Plaintiff attempted to raise this claim so late in the process, the Court allowed Defendant to move again for summary judgment if it wished. (ECF No. 174.)

(ECF No 207 at PageID 5962.)  These factual findings still hold true.  The record shows that, as soon as Plaintiff sought to assert this claim, Defendant moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies.

So Plaintiff's case differs from that in *Fort Bend County*.  Defendant here did not sit on its administrative remedies argument and therefore did not waive it.  Instead, Defendant argued failure to exhaust as soon as Plaintiff tried to allege retaliatory failure to rehire.  And so Plaintiff's argument that the Court misapplied the law in granting Defendant summary judgment is unavailing.  This Court properly relied on binding Sixth Circuit precedent to reach its ruling. (ECF No. 207 at PageID 5965.)  And nowhere in its opinion does the Court diverge from Supreme Court precedent in *Fort Bend County*.  This is not a proper basis to revise the Court's previous order.[2]

Plaintiff also argues that Defendant waived its challenge to the administrative prerequisite argument because it did not raise the argument until after the first round of summary

---

[2] Moreover, the Supreme Court decided *Fort Bend County* in 2019, before Plaintiff's response to Defendant's motion for summary judgment on her retaliatory failure to rehire claim.  Plaintiff could have relied on that law in her response and failed to do so.  "Motions 'may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." *In re Regions Morgan Keegan Secs., Derivative, and ERISA Litig.*, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

judgment motions.  (ECF No. 215-2 at PageID 6150–51.)  According to Plaintiff, the Court erred

in allowing Defendant to file another motion for summary judgment after it decided the first

motion.  (*Id.*)  But, again, the Court allowed the second motion because Defendant did not know

Plaintiff's intended to assert a failure to rehire claim until *after* the first round of motions for

summary judgment.  The Court also granted Plaintiff equal opportunity to move for summary

judgment on the same claim.  Plaintiff did so unsuccessfully.  (ECF No. 186.)

Finally, Plaintiff claims that the Court abused its discretion in denying as moot Plaintiff's

motion for summary judgment.  (ECF No. 215-2 at PageID 6151.)  But the Court addressed the

merits of her motion for summary judgment when it entered the order granting Defendant's

motion for summary judgment on the same claim—failure to exhaust administrative remedies.

This Court's single order on the failure to exhaust issue covers the arguments in both motions.

**II.      Plaintiff's Argument that Her Checking the "Retaliation" Box on her EEOC Charge Constitutes Notice Rehashes Already Decided Issues and Does Not State a Basis for Revising the Order**

Plaintiff insists that the Court improperly held that Defendant was not on notice of

Plaintiff's intended claim for retaliatory failure to rehire until she responded to the motion in

limine.  Plaintiff counters that "Defendant is aware of their failure to rehire [Plaintiff]."  (ECF

No. 215-2 at PageID 6146.)  Plaintiff insists that failure to rehire "has always been central to

[her] complaint" (ECF No. 215-2 at PageID 6146), but she never asserted that claim in her

complaint.  Instead, she waited until the eve of trial to assert that claim in response to

Defendant's motions *in limine* (ECF No. 118).

Again, Plaintiff appears to contend that the fact that she checked the retaliation box on

her EEOC charge necessarily means that Defendant knew she meant retaliatory failure to rehire.

(ECF No. 215-2 at PageID 6147.)  But again, that argument is unavailing.  The Court is

unwilling to hold that merely checking "retaliation" on the form puts the Defendant on notice of *every possible* retaliatory claim a plaintiff may have.  (*See* ECF No. 207.)  To do so would significantly expand the scope of all EEOC charges to make the "notice" requirement ineffective. A prospective claimant could then just check every box every time to cover all his or her bases. Surely, this was not the purpose of the EEOC charge requirement.

Also Plaintiff cannot argue again that she did not know to specify the alleged retaliatory act of failure to rehire because she specified many other events in her EEOC charge which she claims to result from retaliation.  (*See* ECF No. 207.)  Plaintiff is expected to specify each event in her charge which she claims stems from unlawful retaliation—she cannot rely on a conclusory "retaliation" designation as the catch-all for all possible claims she wishes to make. See *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986)

What is more, Plaintiff here is rehashing what the Court has already decided in its previous order.  (*See* ECF No. 207.)  This is not a basis for revision of the interlocutory order.  *In re Southeastern Milk Antitrust Litig.*, No. 2:07-cv-208, 2011 WL 3793777 (E.D. Tenn. Aug. 25, 2011) (quoting *White v. Hitachi*, No. 3:04-cv-20, 2008 WL 782565 (E.D. Tenn. March 20, 2008) ("Although a court can grant motions to revise its prior rulings, it 'should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues.'" )).

This argument is also not a basis for reconsidering the Court's order.

### III.     Lack of Impartiality is Not a Basis for Revision of the Order

Plaintiff insists that the Court should revise the because the Court lacks impartiality. (ECF No. 215-2 at PageID 6152–54.)  Plaintiff claims that the Court acted partially by allowing Defendant to file a second summary judgment motion after Plaintiff sought to add a claim for retaliatory failure to rehire.  (*Id.*)

8

This Court did not show favoritism in allowing Defendant to move for summary judgment when Plaintiff made this retaliatory failure to rehire claim so close to trial. One option for this Court was to disallow Plaintiff from making the claim at all because she failed to assert it earlier in the process. Instead, the Court allowed her to make the claim but it also gave Defendants a chance to move for summary judgment. This is equal treatment under the law.

Plaintiff's position is not persuasive. She does not provide a basis for revision of an interlocutory order. *See Louisville Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("Courts revise interlocutory orders only when "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."); *see also*, W.D. Tenn. R. 7.3(b).

Finally, Plaintiff claims that the Court showed partiality and erred in finding that her affidavit, (ECF No. 188-7), was self-serving and in refusing to consider it. (ECF No. 215-2 at PageID 6154–55.) But the Court's holding adhered to established Sixth Circuit precedent. See *Whitley v. Spencer Cty. Police Dep't*, 178 F.3d 1298 (6th Cir. 1999); *Freeman v. Trombley*, 483 F. App'x 51, 58 (6th Cir. 2012); *Capital Telecom Holdings II, LLC v. Grove City, Ohio*, 403 F. Supp. 3d 643, 649 (S.D. Ohio 2019).

Plaintiff also alleges that there is even more support in the record for her affidavit in the form of an unsworn transcript attached to the current motion to revise. (ECF No. 215-2 at PageID 6154–55.) But again, this argument is unpersuasive. Plaintiff appears to have had this evidence when she responded to the motion for summary judgment and signed her affidavit. Plaintiff therefore improperly seeks to present evidence that she could have presented before the Court ruled on the summary judgment motion. *See In re Regions Morgan Keegan Secs.,*

*Derivative, and ERISA Litig.*, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30,

2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.

1995) ("Motions 'may not be used . . . to raise arguments or present evidence that could have

been raised prior to the entry of judgment."). Once again, she is too late.

<u>**CONCLUSION**</u>

The Court therefore **DENIES** Plaintiff's motion for reconsideration of the Court's April

10, 2020, order granting summary judgment to Defendant on Plaintiff's Title VII claim for

retaliatory failure to rehire.

The Court will however, clarify its holding for Plaintiff, as Plaintiff is confusing the

issues of her case. Plaintiff insists that she would be unfairly prejudiced by the dismissal of this

claim because it relates to whether Defendant placed her on the reemployment list as required by

the Tennessee Teacher Tenure Act, Tennessee Code Annotated § 49-5-511(b). (ECF No. 215-2

at PageID 6156–58.) But the Court reminds Plaintiff that her Tennessee Teacher Tenure Act

claim remains (*see* ECF No. 88), and the Court recently revived Plaintiff's 42 U.S.C. § 1983

claim surrounding her placement on a reemployment list (*see* ECF No. 220). The Court has not

held and does not hold that Plaintiff cannot state a claim against Defendant for its alleged failure

to place her name on the reemployment list. But the Court does hold that, because Plaintiff

failed to exhaust her administrative remedies, she cannot assert retaliatory failure to rehire as a

Title VII claim.

**SO ORDERED**, this 7th day of July, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

10