IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SONYA P. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02050-TLP-jay |
| v. ) | |
| ) | |
| SHELBY COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S DAMAGES FOR HER TEACHER TENURE ACT CLAIM

The Court set a briefing schedule so the parties could address the calculation of Plaintiff Sonya William's damages for Defendant Shelby County Board of Education's violation of the Tennessee Teacher Tenure Act (the "Act"), Tennessee Code Annotated § 49-5-511(b).  (*See* ECF No. 238 at PageID 6949.)  The Court now calculates Plaintiff's back pay award and finds that Plaintiff is entitled to prejudgment interest on her back pay.

### BACKGROUND

Defendant excessed Plaintiff as part of a reduction of force in March of 2016.  (ECF No. 46-1 at PageID 313–14.)  But Defendant did not comply with the Teacher Tenure Act until October of 2018 when it authorized Plaintiff's termination.  (ECF No. 122-3.)  The parties disputed the type of damages that Plaintiff was entitled to under her Teacher Tenure Act claim.  (ECF No. 122.)  After allowing limited, supplemental discovery on the issue, the Court entered an order on Plaintiff's Teacher Tenure Act claim.  (ECF No. 237.)

The Court made the following four findings in its order: (1) that Defendant violated the Tennessee Teacher Tenure Act; (2) that Plaintiff has a right to back pay only; (3) that her back pay calculation runs from Plaintiff's termination on March 7, 2016, through October 30, 2018; and (4) that Defendant cannot offset any earnings from employment outside Shelby County School System's ("SCS") from Plaintiff's entitlement to back pay. (*Id.* at PageID 6948.)

The Court then set a briefing schedule for the parties to address the calculation of Plaintiff's damages. (*See* ECF No. 238 at PageID 6949.) Plaintiff filed an opening brief on her damages, Defendant responded, and Plaintiff replied.[1] (ECF Nos. 239, 241, & 242.) The Court now turns to the legal standard for awarding prejudgment interest under Tennessee law.

## ANALYSIS

### I. Legal Standard for Awarding Prejudgment Interest

When a federal court exercises supplemental jurisdiction over a state law claim, the court awards prejudgment interest according to state law. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 333–34 (6th Cir. 2007) (quoting *Mills v. River Terminal Ry. Co.*, 276 F.3d 222, 228 (6th Cir. 2002)). Here, the Court must determine Plaintiff's damages resulting from Defendant's violation of the Tennessee Teacher Tenure Act—a state law claim. As a result, the Court applies Tennessee law to the issue of prejudgment interest.

Under Tennessee law, courts may award "[p]rejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state . . . in accordance with the principles of equity at any rate not in excess of a maximum

---

[1] Both Plaintiff and Defendant spend a lot of time in their briefs arguing issues this Court already decided in its order on Plaintiff's Teacher Tenure Act Claim. (*See* ECF No. 237.) The Court will not reconsider its earlier findings. Therefore, the Court does not consider any of the parties' arguments addressing issues that the Court already decided in its earlier order.

effective rate of ten percent (10%) per annum." Tenn. Code Ann. § 47-14-123. "An award of prejudgment interest is within the sound discretion of the trial court," and ultimately, the court must decide whether an award of prejudgment interest "is fair, given the particular circumstances of the case." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

As the Sixth Circuit noted, "Tennessee courts have identified six factors to aid trial courts in deciding whether prejudgment interest is fair and equitable: (1) promptness in commencing the claim, (2) unreasonable delay of the proceedings, (3) abusive litigation practices, (4) certainty of the existence of an underlying obligation, (5) certainty of the amount due, and (6) previous payment for the lost time value of the money." *FLSmidth Inc. v. Fiber Innovation Tech., Inc.*, 626 F. App'x 625, 630–31 (6th Cir. 2015). And Tennessee courts have discussed these different factors in more detail.

First, courts must consider that "the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize the defendant for wrongdoing." *Myint*, 970 S.W.2d at 927. Thus, prejudgment interest may be inappropriate when (1) "the party seeking prejudgment interest has been so inexcusably dilatory in pursuing a claim that consideration of a claim based on loss of use of the money would have little weight," (2) "the party seeking prejudgment interest has unreasonably delayed the proceedings after suit was filed," or (3) "the party seeking prejudgment interest has already been otherwise compensated for the lost time value of its money." *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

Second, courts should consider the certainty of the underlying obligation and of the plaintiff's damages because, "the more clear the fact that the plaintiff is entitled to compensatory damages, the more clear the fact that the plaintiff is also entitled to prejudgment interest as a part

of the compensatory damages." *Myint*, 970 S.W.2d at 928. Recovery is "certain" if "the amount of damages is ascertainable by computation or by any recognized standard of valuation." *Id.* This is true even if the parties dispute the plaintiff's right to recovery. *Id.*

And third, courts should consider the plaintiff's economic loss. The Tennessee Court of Appeals has explained,

> Parties who have been wrongfully deprived of money have been damaged in two ways. First, they have been damaged because they have not received the money to which they are entitled. Second, they have been damaged because they have been deprived of the use of that money from the time they should have received it until the date of judgment. Awards of pre-judgment interest are intended to address the second type of damage. They are based on the recognition that a party is damaged by being forced to forego the use of its money over time.

*Scholz*, 40 S.W.3d at 82.

The Court now addresses whether prejudgment interest is appropriate here.

## II. Awarding Prejudgment Interest on Plaintiff's Teacher Tenure Act Claim

### A. Awarding Prejudgment Interest Is Equitable

After considering the different factors, the Court finds that awarding prejudgment interest is fair in this case. First, Plaintiff did not unreasonably delay filing this suit. Defendant terminated her in March of 2016, and Plaintiff sued in January of 2017. (*See* ECF No. 1.) And though this case has been ongoing for three years, Plaintiff did not delay the proceedings.[2] What is more, there is no evidence that Defendant otherwise compensated Plaintiff for the loss of her salary. These factors thus all weigh in favor of awarding prejudgment interest.

---

[2] Events beyond Plaintiff's control delayed this case. For example, at Defendant's request, this Court administratively closed the case after certifying questions of state law to the Supreme Court of Tennessee. (*See* ECF Nos. 182, 193, 194.) As a result, the case remained closed for several months.

Second, even though Defendant disputes Plaintiff's right to recovery, the amount of recovery is not uncertain.³ *See Myint*, 970 S.W.2d at 928 (finding that plaintiff's recovery amount was not uncertain for prejudgment interest purposes even though defendant disputed plaintiff's right to recovery). This is because the amount of damages here is clearly ascertainable. *Id.* The parties must simply determine Plaintiff's monthly salary when Defendant excessed her, and how many months of back pay Defendant owes her. In fact, the parties agree that Plaintiff's monthly salary at the time of her termination was $6,225.42, and that Defendant owes her thirty-one (31) months of back pay. (*See* ECF Nos. 293-3 at PageID 6962; 241 at PageID 6972.) As a result, Plaintiff's damages are certain.

And finally, the Court considers Plaintiff's economic loss. "Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received." *Scholz*, 40 S.W.3d at 83. In this case, "fairness" requires that the Court consider Plaintiff's "loss of use of the money" that she should have received. *Id.* Four years have passed since Defendant excessed Plaintiff. And, it took Defendant more than two years to authorize Plaintiff's termination as required by the Act. (*See* ECF No. 122-3.) During that time, Plaintiff was not able to use the money she should have received before the Board complied with Tennessee law and ratified her termination.⁴ With that in mind, the Court finds that the remaining factors also

---

³ Defendant seems to argue that, because "the Teacher Tenure Act does not actually provide a damages remedy for the violation for which Plaintiff sues," Plaintiff's damages are uncertain. (ECF No. 2241 at PageID 6969–70.) This Court, however, already found that Plaintiff can recover damages under the Teacher Tenure Act. (ECF No. 237.) So Defendant's argument is not persuasive.

⁴ Defendants argues that "[w]hether the Board ratified the excess in the appropriate manner or timeline has no bearing on whether Plaintiff suffered any lost funds, for which she was otherwise entitled." (ECF No. 241 at PageID 6968.) According to Defendant, this means that, "unlike a teacher who is returned to service due to a material flaw in the decision to terminate or suspend,

weigh in favor of awarding prejudgment interest here. The Court, therefore, awards Plaintiff prejudgment interest in this matter.

The Court next discusses the calculation of Plaintiff's total recovery for her Teacher Tenure Act claim.

### B. Calculating Plaintiff's Damages

#### i. Amount of Back Pay

Both parties agree that, at the time of her termination, Plaintiff's monthly salary was $6,225.42. (*See* ECF Nos. 293-3 at PageID 6962; 241 at PageID 6972.) Plaintiff "guesses" that she would have received a 3% salary increase every school year during the relevant time frame—so, a 3% increase in 2016–2017, a 3% increase in 2017–2018, and a 3% 2018–2019. (ECF Nos. 239 at PageID 6952; 239-3 at PageID 6962.) But this is speculation.

Plaintiff attaches a copy of a memo prepared by the Shelby County Schools Finance Office about the district budget for the 2016–2017 fiscal year. (ECF No. 239-2.) The memo says that "the budget includes strategic investments such as 3% salary raises" for certain teachers. (*Id.* at PageID 6960.) But there is no evidence that Defendant actually implemented this salary increase or that the increase would have applied to Plaintiff. What is more, Plaintiff presents no evidence that the school district implemented a 3% salary increase in any other fiscal year. So, the Court rejects Plaintiff's request that it consider annual salary increases in its calculations.

---

Plaintiff has not lost any funds that she is otherwise entitled to, and should not recover back pay under the principles stated in Tennessee law." (*Id.*) But, again, this Court already decided in its previous order that Plaintiff suffered lost funds, and that she is entitled to back pay. (*See* ECF No. 237.)

This means that Plaintiff is entitled only to back pay based on her monthly salary when Defendant excessed her.  At the time of her termination, Plaintiff's monthly salary was $6,225.42.  (*See* ECF Nos. 293-3 at PageID 6962; 241 at PageID 6972.)  And Defendant owes her thirty-one (31) months of back pay.  (*See id.*)  As a result, Defendant owes Plaintiff $192,988.02[5] in back pay, along with prejudgment interest.

### ii.     Prejudgment Interest

Tennessee's prejudgment interest rate is a maximum of 10% per annum.[6]  Tenn. Code Ann. § 47-14-123.  This means the Court can award only a prejudgment interest rate that is equal to or below 10%.  Plaintiff argues that the Court should compound the interest rate.  (ECF No. 239 at PageID 6953.)  But the Tennessee Supreme Court has found that prejudgment interest cannot be compounded under § 47-14-123.  *Otis v. Cambridge Mut. Fire. Ins. Co.*, 850 S.W.2d 439, 447 (Tenn. 1992) (holding that, "[t]o interpret the statute to mean compound interest is authorized constitutes a forced construction that impermissibly extends the intent of the legislature," and so prejudgment interest "should be calculated at simple interest with a 10% per annum cap").  Plaintiff is therefore entitled only to an award of simple interest.

In determining the prejudgment interest rate, the Court must consider what rate "is fair, given the particular circumstances of the case."  *Myint*, 970 S.W.2d at 927.  And though Tennessee statute allows a 10% prejudgment interest rate, applying that rate here "would be 'a windfall, particularly in the light of the current economic climate.'"  *MAKS, Inc. Gen. Trading & Contracting Co. v. Sterling Operations, Inc.*, No. 3:10-CV-443, 2014 WL 297291, at *2 (E.D.

---

[5] The Court multiplied $6.225.42 by 31 to find Plaintiff's total back pay award.
[6] Neither party argues that the prejudgment interest rate here falls within Tennessee Code Annotated § 47-14-103.  As a result, the Court considers Tennessee's maximum 10% prejudgment interest rate under § 47-14-123.  The parties may file a motion with the Court if a different interest rate applies under § 47-14-103(2).

Tenn. Jan. 27, 2014) (quoting *Krystal Co. v. Caldwell*, 2012 WL 876794, at *11 (E.D. Tenn. Mar. 13, 2012)).  Based on the economic environment of the past decade, federal courts have instead applied a 5% interest rate instead of Tennessee's 10% maximum rate.  *See, e.g., MAKS, Inc. Gen. Trading & Contracting Co.*, 2014 WL 297291, at *3; *Nat'l Fitness Ctr., Inc. v. Atlanta Fitness*, No. 3:09-cv-133, 2013 WL 6231774, at *3 (E.D. Tenn. Dec. 2, 2013).  And in *Bennett v. Highland Graphics*, the district court awarded a 5% prejudgment interest rate instead of 10% "[i]n light of low prevailing interest rates during the relevant time frame."  No. 3:14-cv-02408, 2017 WL 4512470, at *6 (M.D. Tenn. Oct. 10, 2017).

      The Court finds that a 5% prejudgment interest rate is appropriate here.  Though Plaintiff is entitled to back pay without offset for the time Defendant illegally excessed her, she was also able to secure other employment during that time period.  (*See* ECF No. 241-1.)  What is more, "in light of low prevailing interest rates," a 10% prejudgment interest award "would be a windfall."  *See Bennett,* 2017 WL 4512470, at *6; *MAKS, Inc. Gen. Trading & Contracting Co.*, 2014 WL 297291, at *2.  With that in mind, the Court finds that a 5% prejudgment interest rate better reflects the equities of this case.  *See Estate of Fetterman v. King*, 206 S.W.3d 436, 447 (Tenn. Ct. App. 2006) (finding that 10% prejudgment interest rate was excessive given the circumstances of the case and that 5% interest rate was appropriate).

      The Court thus finds that Plaintiff is entitled to prejudgment interest at a rate of 5%.  The Court **DIRECTS** the parties to submit proposed calculations of prejudgment interest to the Court within ten (10) days of the entry of this order.

## **CONCLUSION**

      The Court finds that Defendant owes Plaintiff $192,988.02 in back pay.  And, she is entitled prejudgment interest on her damages under the Teacher Tenure Act.  The Court therefore

8

**ORDERS** Defendant to pay Plaintiff $192,988.02, plus prejudgment interest, in compensatory damages.

    **SO ORDERED**, this 2nd day of December, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE