# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SONYA P. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cv-02050-TLP-jay |
| v. | ) |
| | ) |
| SHELBY COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO RECONSIDER AND CALCULATING PREJUDGMENT INTEREST

Plaintiff Sonya P. Williams asks the Court to reconsider its order on Plaintiff's damages for her Teacher Tenure Act claim. (ECF No. 247.) Although she agreed to the number of paychecks Defendant paid her each year, she now argues that the Court made "a clear error" in its calculation of her back-pay damages because it accepted the numbers she and Defendant submitted. (*Id.* at PageID 7008.) And she argues that the Court should reconsider its prejudgment interest award, because a different interest rate applies under Tenn. Code Ann. § 47-14-103(2). (*Id.*) Defendant responded in opposition, and Plaintiff replied. (ECF Nos. 250 & 253.)

For the reasons below, the Court **GRANTS IN PART** Plaintiff's motion to reconsider. The Court reconsiders its calculation of Plaintiff's back-pay award but does not reconsider its prejudgment interest award. The Court further calculates the amount of prejudgment interest that Defendant owes Plaintiff.

**BACKGROUND**

Plaintiff argues that the Court (and both parties) miscalculated the amount of back-pay that Defendant owes her. In its order on Plaintiff's damages for her Teacher Tenure Act claim, the Court found that Defendant owes Plaintiff $192,988.02 in back-pay. (ECF No. 246 at PageID 7005.) The Court arrived at this amount because the parties agreed that Plaintiff's monthly salary when Defendant excessed her was $6,225.42 and that Defendant owed her thirty-one (31) months of back-pay. (*See* ECF Nos. 239-3 at PageID 6962; 241 at PageID 6972.)

But Plaintiff now argues otherwise. She explains that "[i]n her initial statement on damages Dr. Williams estimated the balance of salary due [to] her for the 2015–2016 school year incorrectly, as it was based on a bi-monthly amount." (ECF No. 247-2 at PageID 7012.) She further explains that Defendant paid her salary every two weeks or 26 payments per year, and so for two months of the fiscal year, there were three pay periods. (*See id.*; ECF No. 247-3.) As a result, she argues that "this Court's calculation of $6,225.42 for thirty-one months . . . under compensates Dr. Williams for the relevant time period." (*Id.* at PageID 7013.)

Before the Court entered its order on Plaintiff's damages for her Teacher Tenure Act claim, it held a pretrial conference with the parties. (*See* ECF No. 244.) During that conference, the Court told the parties that Plaintiff's back-pay award was $6,225.42 for thirty-one months. After the hearing, Plaintiff emailed defense counsel, Rodney G. Moore, and asked if he objected to her emailing the Court about her monthly salary. (ECF No. 253-1 at PageID 7051.) She explained that the Court's back-pay calculation seemed wrong because that "amount per month for the balance of the months would not reflect my salary of $82,000 per year." (*Id.*)

Even more to the point, she wrote the following: "I would much rather bring it to the Court's attention now; as opposed to after his ruling. I am not sure of the proper protocol." (*Id.*)

2

Defendant told Plaintiff that "after the judge rules, there is a process to bring[] these issues to the attention of the court."  (ECF No. 253-1 at PageID 7050.)  And so, Plaintiff waited to raise her concerns about the back-pay calculations with the Court until after it entered the order.

The Court will now address those concerns with the hope that this ruling will put the issue to rest.

## MOTION FOR RECONSIDERATION STANDARD

A district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment.  *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  Under Federal Rule of Civil Procedure 54, a court may revise "any [interlocutory] order or other decision . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

Courts revise interlocutory orders only when "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

The Local Rules for this Court also provide guidance.  Under Local Rule 7.3, a motion to revise an interlocutory order must show

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or

> (2) the occurrence of new material facts or a change of law after the time of such order; or
>
> (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b).

What is more, "[m]otions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *In re Regions Morgan Keegan Secs., Derivative*, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "While the Court can always review its prior rulings before the termination of a case, it is not required to do so and should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues." *In re Se. Milk Antitrust Litig.*, No. 2:07-cv-208, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011) (internal quotation marks omitted).

## ANALYSIS OF PLAINTIFF'S MOTION FOR RECONSIDERATION

### I.     The Court's Back-pay Calculation

Plaintiff does not argue that the Court should reconsider its order because there is new law or evidence. Nor does she argue that the Court failed to consider material facts or legal arguments presented to it. Instead, she argues that "[t]here is a need to correct a clear error." (ECF No. 247 at PageID 7008.)

Under the Local Rules, Plaintiff must show "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order." W.D. Tenn. R. 7.3(b). Defendant counters that Plaintiff "failed to exercise due diligence to correctly determine the number of pay

periods during the period for which she was awarded back-pay," and that the Court should therefore deny her motion.  (ECF No. 250 at PageID 7028.)

True enough, Plaintiff could have used the Shelby County Pay Schedules that she attached to her motion for reconsideration to confirm the relevant number of pay periods here. (*See* ECF No. 247-3.)  As Defendant notes, the pay schedules are public records.  (ECF No. 250 at PageID 7032.)  And she could have corrected the parties' miscalculations in her reply brief as well.

In fact, Plaintiff acknowledges that she made a mistake.  (ECF Nos. 247-2 at PageID 7012; 253 at PageID 7045.)  And Defendant, presumably, made a mistake in its calculations as well.  (*See* ECF No. 241 at PageID 6972.)  The Court notes that this is one of its oldest cases on this Court's docket.  And mistakes like this one only add to the delay.

With all this in mind, it is likely that Plaintiff could have exercised reasonable diligence to discover that Defendant paid her in twenty-six, not twenty-four, pay periods.  But in any event, the Court finds that denying Plaintiff's motion to reconsider would result in manifest injustice under Rule 54(b).  *See Rodriguez*, 89 F. App'x at 959.  Though Sixth Circuit cases "do not offer clear guidance as to what qualifies as 'manifest injustice,' . . . the plain meaning of those words is instructive."  *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330–31 (6th Cir. 2014).  "[M]ore than a clear error is required; injustice must also result." *Id.*  District courts in this circuit have further found that "manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *United States v. Allen*, No. 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (quoting *McDaniel v. Am. Gen. Fin. Servs.*,

*Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (internal quotation marks omitted)).

The Sixth Circuit's decision in *Volunteer Energy Services* is instructive here.  579 F. App'x at 330–331.  There, the plaintiff failed to raise a claim to ongoing commission payments at trial.  *Id.* at 330.  The plaintiff then moved the district court to amend its judgment to require the payments.  *Id.*  The district court granted the motion, finding that it would be a manifest injustice not to do so.  *Id.*  On appeal, the Sixth Circuit found that the district court correctly reconsidered its order.  *Id.*  The court found that the error was obvious because the agreement plainly provided for ongoing commission payments.  *Id.* at 331.  And the court found that "the error would have resulted in injustice—i.e. a wrong, want of equity, or unfairness—in not giving [plaintiff] its due desert."  *Id.* (internal quotation marks omitted).

Though the motion at issue in *Volunteer Energy Services* was a motion to reconsider a judgment, not an interlocutory order, the Sixth Circuit's analysis still applies here.  This Court found that Plaintiff was entitled to back-pay without offset from her termination on March 7, 2016, through October 30, 2018.  (ECF No. 237 at PageID 6948.)  It was therefore an error not to award Plaintiff the full amount of her back-pay during that period.  Like in *Volunteer Energy Services*, it would be "a wrong, want of equity, or unfairness" not to award Plaintiff the full amount of back-pay that Defendant owes her.  *See Volunteer Energy Servs.*, 579 F. App'x at 331.

Plus, the Sixth Circuit found that it would be manifest injustice not to award ongoing commission payments to the plaintiff in *Volunteer Energy Services*, even though the plaintiff could have raised the argument earlier in the proceedings.  *Id.*  Likewise, Plaintiff here could

6

have corrected her mistake before the Court entered its order.[1] But this does not change the fact that denying Plaintiff her full back-pay award would be a manifest injustice.

In the end, the Court finds that the parties and the Court miscalculated Plaintiff's back-pay award, and that it would be a manifest injustice not to reconsider its order awarding Plaintiff only $192,988.02 in back-pay. The Court therefore **GRANTS** Plaintiff's motion to reconsider, and **ORDERS** Defendant to pay Plaintiff $211,019.73[2] plus prejudgment interest.

## II.     Interest Rates under Tenn. Code Ann. § 47-14-103(2)

In its order on Plaintiff's Teacher Tenure Act damages, the Court noted that neither party argued that the prejudgment interest rate fell within Tennessee Code Annotated § 47-14-103. (ECF No. 246 at PageID 7005 n.6.) And as a result, the Court awarded prejudgment interest of 5% under § 47-14-123 and found that "[t]he parties may file a motion with the Court if a different interest rate applies under § 47-14-103(2)." (*Id.*)

Plaintiff now argues that "an award of back-pay would be more appropriately classified as 'all other transactions'" under § 47-14-103(3). (ECF No. 247-2 at PageID 7013.) But she provides no basis or support for this argument. (*Id.*) Nor does she provide any evidence that the interest rate in § 47-14-103(2) applies here. Plus, even if this Court applied § 47-14-103(3), that statute establishes the maximum interest rate only and 5% is within the range for that statute.[3]

---

[1] The Court also recognizes that Plaintiff did, in fact, realize that the parties' back-pay calculations were incorrect before the Court entered its order. Plaintiff, however, is proceeding pro se and did not understand how to raise the issue to the Court. (*See* ECF Nos. 253 & 253-1.)
[2] The Court followed Plaintiff's proposed back-pay calculation to arrive at this amount. (*See* ECF No. 247-4.) Defendants waived any dispute with this calculation because they failed to address it in their response.
[3] What is more, the Court applied § 47-14-123 which establishes the same maximum interest rate as § 47-14-103(3).

All in all, Plaintiff does not argue that the Court should reconsider the prejudgment interest rate because there is new law or evidence. *See* W.D. Tenn. R. 7.3(b). Nor does she argue that the Court failed to consider material facts or legal arguments presented to it, or that the Court made a clear error. *Id.* And she fails to present any evidence that either § 47-14-103(2) or (3) apply here. As a result, the Court **DENIES** Plaintiff's motion to reconsider its findings about her prejudgment interest award. The Court awards Plaintiff prejudgment interest at a rate of 5% only. (*See* ECF No. 246 at PageID 7005.)

## PREJUDGMENT INTEREST CALCULATION

The Court directed both parties to submit proposed calculations of prejudgment interest to the Court within ten days of the Court's order on Plaintiff's Teacher Tenure Act claims. (ECF No. 246 at PageID 7006.) Plaintiff submitted proposed calculations with her motion for reconsideration. (ECF No. 247-4 at PageID 7021.) Defendants did not submit any proposed calculations.

This Court awarded Plaintiff prejudgment interest of 5% under Tenn. Code Ann. § 47-14-123. (ECF No. 246 at PageID 7005.) Tennessee courts have often calculated prejudgment interest under the simple interest method by applying the annual interest rate to the judgment amount, from the date the cause of action accrued to the date the court entered judgment. *See, e.g., Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). In fact, the Tennessee Supreme Court has found that "[b]y the plain meaning of its terms," § 47-14-123 does not allow for compound interest awards. *Otis v. Cambridge Mut. Fire. Ins. Co.*, 850 S.W.2d 439, 446–47 (Tenn. 1992). Indeed, "[t]o interpret the statute to mean compound interest is authorized constitutes a forced construction that impermissibly extends the intent of the legislature." *Id.* And so, the court found that an award of prejudgment interest under the statute "should be

calculated at simple interest with a 10% per annum cap." *Id.* This Court, therefore, finds it should award simple interest here.

But this case is also unique. Though Plaintiff's damages began accruing after Defendant wrongfully excised her in March 2016, the final amount of her back-pay award was not certain until October 2018, when Defendant authorized Plaintiff's termination. (ECF Nos. 46-1 at PageID 313–14; 122-3.) "An award of prejudgment interest is within the sound discretion of the trial court." *Myint*, 970 S.W.2d at 927. And using that discretion, that Court finds that prejudgment interest should start on October 30, 2018—the day Defendant authorized Plaintiff's termination and finalizing the calculation of her back-pay. (*See* ECF No. 122-3 at PageID 3326.) The prejudgment interest period runs until the Court enters judgment, which the Court will do after entry of this order.

The Court now explains its prejudgment interest calculations. The Court awarded prejudgment interest at 5% per annum. Five percent of $211,019.73[4] is $10,550.99. And dividing that number by 365, the number of days in a year, equals $28.91 per day. This means that Plaintiff is entitled to $28.91 in prejudgment interest per day between October 30, 2018 and today, February 23, 2021. There are 848 days between those dates. Multiplying 848 by $28.91, the Court finds that, as of the date of the entry of this order, Plaintiff is entitled to $24,515.68 in prejudgment interest. The daily rate of pre-judgment interest will accrue until the earlier of this Court entering its judgment or when Defendants pay the amount owed.

## CONCLUSION

In conclusion the Court **GRANTS IN PART** Plaintiff's motion to reconsider. The Court revises its back-pay award but does not reconsider the prejudgment interest rate. The Court

---

[4] As previously discussed, this is the amount of Plaintiff's back-pay award.

further **ORDERS** Defendant to pay Plaintiff $211,019.73 in back-pay, plus $24,515.68 in prejudgment interest.

  **SO ORDERED**, this 23d day of February, 2021.

            s/Thomas L. Parker
            THOMAS L. PARKER
            UNITED STATES DISTRICT JUDGE