IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SONYA P. WILLIAMS, | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cv-02050-TLP-cgc |
| v. | ) |
| SHELBY COUNTY BOARD OF EDUCATION, | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL JUDGMENT AND DENYING DEFENDANT'S MOTION TO AMEND**

Plaintiff Sonya P. Williams moves under Rule 54(b) of the Federal Rules of Civil Procedure for entry of final judgment on her claim against Defendant Shelby County Board of Education under the Tennessee Teacher Tenure Act ("Tenure Act"), Tennessee Code Annotated § 49-5-511(b). (ECF No. 293.) Defendant has responded. (ECF No. 294.) And Defendant moves under Rule 15 of the Federal Rules of Civil Procedure for leave to amend its answer. (ECF Nos. 295 & 296.) Plaintiff has responded. (ECF No. 298.) For the reasons below, the Court **DENIES** Plaintiff's motion for partial judgment and **DENIES** Defendant's motion for leave to amend its answer.

## BACKGROUND

The factual background and procedural history of this case are complex. To sum up, Plaintiff began working for Memphis City Schools as a family and consumer sciences teacher in 2002. (ECF No. 277 at PageID 7727.) She became a tenured teacher in 2006. (*Id.*) In 2013, Memphis City Schools and another school system merged to create the Shelby County Board of

Education ("SCBE" or "Shelby County Schools").  (*Id.*)  Plaintiff applied for—but did not receive—two positions with Shelby County Schools in 2013.  (*Id.*)  Plaintiff then filed an EEOC charge in 2013 against Defendant.  (*Id.*)  As part of a settlement negotiated by the parties, Defendant placed Plaintiff in its Adult Education Program as an Adult Education Advisor at the Messick Adult Education Center in August 2015.  (*Id.*)

Early on, Plaintiff complained of harassment and retaliation to the Messick Principal and Defendant in September 2015.  (*Id.* at PageID 7727–28.)  Plaintiff filed another EEOC charge against Defendant in December 2015 alleging retaliation.  (*Id.* at PageID 7728.)  One of Defendant's employees issued Plaintiff a written reprimand in December 2015 and referred her to labor relations in January 2016.  (*Id.*)  In February 2016, Defendant sent Plaintiff a letter terminating her employment because it lost the grant for its Adult Education Program.  (*Id.*)  Defendant closed the Messick Adult Education Center and excessed Plaintiff in March 2016.  (ECF No. 237 at PageID 6936.)

Plaintiff sued Shelby County Board of Education in January 2017 asserting many claims, including First Amendment retaliation and Fourteenth Amendment due process claims under 42 U.S.C. § 1983, Title VII retaliation claims, and claims under the Tenure Act and the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304.  (ECF No. 1.)  The Court granted Defendant summary judgment on all but two of these claims.  (ECF No. 88.)  Plaintiff's Tenure Act claim and her "Title VII retaliation claims related to harassment, referrals to Labor Relations, the written reprimand, and the negative job evaluation" survived summary judgment.[1]

---

[1] Plaintiff recently waived her remaining Title VII retaliation claims, informing the Court at the January 2022 pretrial conference that she will not pursue these claims at trial.  (ECF No. 302.)

2

(*Id.* at PageID 2647.)  And the Court later revived Plaintiff's § 1983 claim that Defendant violated her Fourteenth Amendment right to due process.[2]  (ECF No. 220 at PageID 6323.)

The Court then entered an order on Plaintiff's Tenure Act claim, finding that Defendant violated the Tenure Act and that Plaintiff was entitled to damages.  (ECF No. 237 at PageID 6948.)  The Court determined that "the Board violated the Teacher Tenure Act when it excised Plaintiff without the Board making the final determination," because the Act's "non-delegation principle" precludes a superintendent from making final excessing determinations.  (*Id.* at PageID 6940 (citing *Kelley v. Shelby Cty. Bd. of Educ.*, 751 F. App'x 650, 654–55 (6th Cir. 2018).)  The Court found that the Board's October 2018 resolution brought her termination into compliance with the Tenure Act.  (*Id.* at PageID 6940, 6943.)

The Court then determined that "Plaintiff has a right to back pay for the time between her termination and the ratification of her excision."  (*Id.* at PageID 6942.)  And so the Court found that "Plaintiff has a right to back pay damages from her termination (March 7, 2016) through the October 2018 Resolution date (October 30, 2018)."  (*Id.* at PageID 6946.)  Lastly, the Court found that "Defendant is not entitled to an offset of damages owed for any earnings Plaintiff procured through alternative employment outside [Shelby County Schools]."  (*Id.* at PageID 6947.)

In May 2021, Defendant moved to deposit the funds with the Clerk of Court.  (ECF No. 258.)  The Court granted the motion and directed the Clerk "to accept and deposit a check in the amount of $238,773.33… ."  (ECF No. 261 at PageID 7092.)  The Court also held that once

---

[2] The Court found that "the 2014 Tenure Act provides Plaintiff with a constitutionally protected interest in continued employment," and that Plaintiff raised "a dispute over whether Defendant ever placed Plaintiff's name on the reemployment list," as the Tenure Act requires.  (ECF No. 220 at PageID 6323.)

3

Defendant made the payment to the Clerk, "prejudgment interest on the Teacher Tenure Act claim only will no longer accrue against Defendant Shelby County Board of Education." (*Id.*) The Clerk received the funds from Defendant and invested them into an interest-bearing account in July 2021. (ECF No. 294-1.)

In November 2021, the Court held a pretrial conference with the parties related to Plaintiff's remaining claims. (ECF No. 291.) At the conference, Plaintiff informed the Court that she had many audio recordings of conversations she had with supervisors and co-workers while employed by Defendant, which she intended to use as impeachment evidence. (*Id.*) Defendant orally moved to amend its answer to add an affirmative defense of after-acquired evidence. (*Id.*) The Court told Defendant to file a written motion. (*Id.*) Defendant has done so. (ECF No. 295.) The Court now turns to analyze these pending motions.

## ANALYSIS

**I.      Plaintiff's Motion for Entry of Final Judgment on Tenure Act Claim**

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This Rule permits a district court to "certify a partial grant of summary judgment for immediate appeal if the court 'expressly determines that there is no just reason for delay.'" *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (quoting Fed. R. Civ. P. 54(b)). And so certification under Rule 54(b) has two steps: (1) "the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case[;]" and (2) "the district court must expressly determine that there is no just reason to delay appellate

4

review." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

To begin with, the purpose of Plaintiff's motion is unclear. Plaintiff asks the Court to enter final judgment on her Tenure Act claim. (ECF No. 293.) But she does not state that she intends to appeal. Plaintiff instead discusses the purpose of prejudgment interest and states that because the Court has not yet entered final judgment, she "is still being deprived of the use of her money."[3] (ECF No. 293-1 at PageID 7888–89.) Plaintiff also contends that "[a] final judgment decree will trigger post-judgment interest of which [she] is statutorily entitled as set in Tennessee Public Chapter 1043." (*Id.*) Plaintiff includes a list of "Tennessee Judgment Interest Rates" but cites no statutory basis for post-judgment interest. What is more, the Clerk received the funds from Defendant and placed them in an interest-bearing account in July 2021. (ECF No. 294-1.)

In any event, there is just reason for delay here. The Sixth Circuit has explained that "Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel." *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282–83 (6th Cir. 1986)). Rather, "Rule 54(b) represents an exception to 'the historic federal policy against piecemeal appeals.'" *In re Fifth Third*, 925 F.3d at 273 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). And the Sixth Circuit has said that Rule 54(b) justifies only "infrequent" and "occasional departures" from this federal policy. *See Carpenter*, 850 F. App'x at 353, 355.

The Court has resolved Plaintiff's Tenure Act claim. (ECF No. 237.) The parties dispute whether Plaintiff's Tenure Act claim is separate from her § 1983 claim. (ECF Nos. 293-1 at

---

[3] The Court notes that Plaintiff's prior counsel has a lien on these funds for attorney's fees and expenses. (ECF No. 173.)

5

PageID 7892–93; 294 at PageID 7901.)  But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering*, 807 F.2d at 1282–83).  Because Defendant deposited the amount of the judgment with the Clerk of Court and those funds are in an interest-bearing account, Plaintiff's position is all the more strange.

The Sixth Circuit has set forth a "nonexhaustive list of factors" to consider when deciding whether to certify a claim under Rule 54(b): (1) "the relationship between the adjudicated and unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."  *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282–83 (6th Cir. 1986)).

Plaintiff's motion lists these factors but does not address them.  (ECF No. 293-1 at PageID 7893.)  Rather than developing any arguments on how these factors apply here, Plaintiff simply asserts that "[t]here is no just reason for delay in entering a final judgment decree on the Tenure Act claim."  (*Id.*)  Because Plaintiff offers just this lone conclusory assertion, the Court finds that Plaintiff has not met her burden of "demonstrate[ing] that a partial judgment should be entered under Rule 54(b)."  *See Genesis Fin. Solutions, Inc. v. Nat'l Capital Mgmt., LLC.*, No. 09-cv-02104-STA-cgc, 2011 WL 5553712, at *3 (W.D. Tenn. Nov. 15, 2011).

Even if the Court considers the relevant factors, there is reason to delay entry of judgment on Plaintiff's Tenure Act claim.  Defendant asserts in its response that all five factors favor denying her motion.  (ECF No. 294 at PageID 7902–05.)  Defendant first emphasizes the close relationship between Plaintiff's claims, asserting that the same operative facts underlie Plaintiff's Tenure Act claim and her Title VII and § 1983 claims.[4]  (*Id.* at PageID 7902.)  True enough, Plaintiff's Tenure Act claim and § 1983 claim both relate to whether Defendant complied with the Tenure Act, although the first relates to her termination while the second relates to whether, after that termination, Defendant placed her on a reemployment list as required by the Tenure Act.

Defendant also argues that the second, third, and fourth factors weigh against certification because of its pending motion to amend its answer to include after-acquired evidence as an affirmative defense.  (ECF No. 294 at PageID 7903.)  As explained below, the Court denies Defendant's motion to amend, but the timing of these motions is still worth noting.  The Court entered its order on Plaintiff's Tenure Act claim in August 2020.  (ECF No. 237.)  And the Court granted Defendant's motion for leave to deposit the funds with the Clerk in June 2021.  (ECF No. 261.)  Plaintiff moved for entry of judgment on her Tenure Act claim only after learning at the November 2021 conference that Defendant would seek to amend its answer to add after-acquired evidence as an affirmative defense.  (ECF No. 291.)  At that conference, Defendant contended that the after-acquired evidence rule would limit Plaintiff's available remedies, potentially casting doubt on the damages awarded to Plaintiff on her Tenure Act claim.  And so

---

[4] The Court again notes that Plaintiff recently waived her remaining Title VII retaliation claims, and she is proceeding to trial only as to her § 1983 claim.  (ECF No. 302.)

Plaintiff likely moves for entry of judgment on her Tenure Act claim to protect that monetary award.

Even though the Court is denying Defendant's motion to amend, there is still just reason to delay entry of judgment on Plaintiff's Tenure Act claim. Again timing is significant, because the parties are set for a bench trial on Plaintiff's § 1983 claim in about two weeks from the date of this order. And so the Court expects a swift resolution of Plaintiff's lone remaining claim. Plaintiff fails to explain harm she will suffer if the Court waits until after trial to enter judgment. For all these reasons, the Court **DENIES** Plaintiff's motion for entry of partial judgment.[5]

## II.     Defendant's Motion for Leave to Amend Answer

Defendant moves for leave to amend its answer under Rule 15(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 295.) A party may amend its pleading under Rule 15(a)(2) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And "[t]he court should freely give leave where justice so requires." *Id.* To evaluate whether justice so requires, the Court considers "undue delay in filing . . . undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). In the end, the Court has discretion to grant or deny a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

According to Defendant's motion to amend, "the current Answer is based on stale facts and allegations." (ECF No. 295 at PageID 7913.) Defendant asserts that, "during the course of the litigation, Defendant learned that Plaintiff improperly recorded conversations with, among

---

[5] Defendant requests attorney's fees and costs related to its response to this motion. (ECF No. 294 at PageID 7904.) Defendant cites no basis for awarding attorney's fees. The Court finds that Defendant did not sufficiently develop this argument and therefore **DENIES** the motion for attorney's fees.

others, Defendant's Labor Relations Department and with her supervisors and co-workers." (ECF No. 296 at PageID 7930.)  According to Defendant, because "said conduct would justify the termination of Plaintiff's employment," the after-acquired evidence rule limits Plaintiff's available remedies.  (*Id.*)  Defendant claims that its motion is "not the result of undue delay, bad faith, or dilatory motive on the part of Defendant."  (ECF No. 295 at PageID 7914.)  But Defendant does not state when it knew about the audio recordings in question.

According to Plaintiff, Defendant knew about the audio recordings in June 2017 and that she referenced them in her deposition in March 2018.  (ECF No. 298 at PageID 8025.)  True enough, Plaintiff provided her deposition testimony as an exhibit when responding to Defendant's summary judgment motion in July 2018.  (ECF No. 49.)  During her deposition, Plaintiff testified that she recorded hundreds of conversations while on the job.  (*Id.* at PageID 795.)  In fact, Plaintiff described many of those recordings to Defendant's counsel at that time.  (*Id.* at PageID 793–97.)  So Defendant knew about these phone calls in March 2018, perhaps earlier.  This means Defendant had this information when it moved for summary judgment in June 2018 and May 2019.  (ECF Nos. 42 & 185.)

"Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality."  *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018) (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)).  "Allowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice on [the non-moving party]."  *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016) (citing *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).  And "[a]llowing amendment after summary

9

judgment motions have been decided is especially problematic." *Church Jt. Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (citation omitted).  Defendant did not seek leave to amend here until after the November 2021 pretrial conference.  And Defendant has not explained why it did not move to add the after-acquired evidence affirmative defense in March 2018, or earlier, when it first learned about the audio recordings.  And so the Court finds that Defendant has not met its burden of proving that justice requires permitting amendment.

Permitting Defendant to amend its answer on the verge of trial is unreasonable based on the long delay and the prejudice to Plaintiff that would result.  The Court therefore **DENIES** Defendant's motion to amend.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for entry of partial judgment and **DENIES** Defendant's motion for leave to amend its answer.

**SO ORDERED**, this 3rd day of February, 2022.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE